**HILL v. FIREMEN'S INS. CO. et al.
(REMMEL, Internal Revenue
Collector, Intervener).**

District Court, W. D. Arkansas, Ft. Smith
Division. January 9, 1928.

**1. Internal revenue ☞26—Assessment list transferred from another district held not to create lien, without showing assessment was made in or transferred to said district.**

Government *held*, not entitled to lien under assessment list purporting to be an assessment transferred from a collection district of another state, in absence of showing that any assessment was made in that district, or was transferred to that district from any other district.

**2. Internal revenue ☞26—Certified copy of capital stock tax assessment list held not lien on fire insurance money of corporation's transferee.**

Certified copy of an assessment list covering capital stock tax assessed against a certain corporation, and not against its transferee, *held* not a lien on proceeds of fire insurance policies in favor of transferee.

**3. Internal revenue ☞26—Where corporation assessed never had any interest in property insured by its transferee, government had no lien for assessment against property or insurance (Revenue Act 1926, §§ 279(a), 280 [26 USCA §§ 1051, 1069]).**

Where undisputed evidence showed that corporation assessed never had any interest in property covered by fire insurance policies issued to its transferee, and that property was not any part of property transferred, government had no lien for taxes on such property or insurance money to be paid for its loss by fire, under assessment purporting to have been made by Commissioner of Internal Revenue as a jeopardy assessment against transferee as such, under Revenue Act 1926, §§ 279(a), 280 (26 USCA §§ 1051, 1069).

**4. Insurance ☞602—Statutory penalty held not recoverable by insured for fire insurers' withholding insurance money on notices of assessment liens from government (Crawford & Moses' Dig. Ark. § 6155).**

Notices to fire insurance companies given by collector of internal revenue, claiming liens against proceeds of fire insurance policies for assessments against insured as transferee of corporation from which taxes were due, *held* to justify companies withholding payment of losses when demand was made, and the 12 per cent. penalty provided by Crawford & Moses' Dig. Ark. § 6155, for failure of companies to pay losses, was not recoverable by insured.

At Law. Action by J. S. Hill, trustee, for himself and another, against the Firemen's Insurance Company and others, in which H. L. Remmel, Internal Revenue Collector, intervened, and for whom, on his death, was substituted A. B. Andrews. Judgment for plaintiff, after trial to the court sitting as a jury, a jury being waived.

Evans & Evans, of Booneville, Ark., and Cravens & Cravens, of Ft. Smith, Ark., for plaintiff.

McMillen & Scott, of Little Rock, Ark., for defendants.

S. S. Langley, U. S. Atty., and W. N. Ivie, Asst. U. S. Atty., both of Ft. Smith, Ark., for intervener.

YOUMANS, District Judge. J. S. Hill, as trustee for himself and A. H. Scoggin, brought nine suits in the circuit court for the Ft. Smith district of Sebastian county, Arkansas, against various insurance companies for losses sustained in the destruction by fire of the property of the Magnolia Window Glass Company, at Ft. Smith, Ark. The various insurance companies filed answers. They also filed a motion in each case, asking that H. L. Remmel, as collector of internal revenue for the district of Arkansas, be made a party defendant. That motion was sustained by the circuit court and the collector was made a party defendant. Thereafter the collector filed in this court, motions to remove each of said cases to this court, which motions were granted. Upon removal, the collector filed answers, denominating himself a defendant. As a matter of fact, he was an intervener, claiming an interest in the insurance by virtue of assessments against the Magnolia Window Glass Company as transferee of the Model Window Glass Company. The plaintiff filed responses to the answers of the collector. Three of those cases have been submitted to the court sitting as a jury. At the hearing, A. B. Andrews was substituted for H. L. Remmel; the latter having died in October, 1927.

[1] The collector offered in evidence three assessment lists, which were objected to by the plaintiff. They were admitted subject to the objection. One list purports to be an assessment against the Model Window Glass Company, transferred to the collection district of Arkansas from the collection district of West Virginia. Under no view of the facts can a lien attach in favor of the government by virtue of that assessment. There is nothing to show that any assessment was made in the district of West Virginia, or transferred to that district from any other district. The objection to that assessment will be sustained.

[2] The second assessment list introduced purports to be a certified copy of an assessment list covering capital stock tax against the Model Window Glass Company, made by the Commissioner of Internal Revenue. That assessment is not made against the Magnolia Window Glass Company as the transferee of

the Model Window Glass Company. Therefore that assessment cannot be a lien upon the proceeds of insurance policies in favor of the Magnolia Window Glass Company.

[3] The third assessment is made against the Magnolia Window Glass Company, as transferee of the Model Window Glass Company. It purports to have been made by the Commissioner of Internal Revenue as a jeopardy assessment under sections 279a and 280 of the Revenue Act of 1926, pages 59, 60, and 61 of part 2, volume 44 of the United States Statutes at Large, being sections 1051 and 1069, title 26, appendix to the United States Code (26 USCA §§ 1051, 1069). The assessment made by the Commissioner of Internal Revenue on the Magnolia Window Glass Company, as transferee of the Model Window Glass Company, does not show when it was made. The government introduced a certain correspondence between the Magnolia Window Glass Company and the collector of internal revenue, which correspondence shows how the assessment was treated by the parties. From such correspondence it is clear that the Magnolia Window Glass Company recognized the assessment made by the collector. Under date of December 7, 1926, the Magnolia Window Glass Company filed with the collector a protest, which reads as follows:

"Collector of Internal Revenue, Little Rock, Arkansas—Dear Sir: We wish to protest against the assessment, as transferee of the Magnolia Window Glass Company, of additional income tax of the Model Window Glass Company, for the fiscal year July 31, 1920. The Magnolia Window Glass Company was organized August 5, 1925, and purchased the plant and equipment of the Model Window Glass Company. The plant and equipment included 8.9 acres, warehouse, main factory building, and necessary equipment for the manufacture of hand-blown glass. In making the assessment you have issued a distraint warrant and tied up all the property of the Magnolia Window Glass Company, including $12,000 fire insurance on glass that was destroyed by fire, which belonged to the Magnolia Window Glass Company, and was not any part of the assets transferred from the Model. You have also tied up $3,600 insurance on warehouse and equipment which was a part of the assets transferred.

"We are now asking that you release the $12,000 insurance on the glass that belonged to the Magnolia Window Glass Company, as this was not transferred from the Model; that the Model never had any interest in the glass; that the said glass was manufactured after the transfer of the property from the Model. At this time we are not asking that you release your liens from the factory building, equipment, real estate, and the $3,600 insurance on the warehouse and equipment. Any delay in the release of the $12,000 insurance is going to jeopardize the collection. Therefore we respectfully ask for your release at an early date.

"Yours very truly,
"Magnolia Window Glass Company,
"By ————."

Under date of December 11, 1926, the collector made to that protest a reply, which was as follows:

"Magnolia Window Glass Company, % Mr. J. L. Swofford, First National Bank Building, Ft. Smith, Arkansas—Gentlemen: Attention Mr. A. H. Scoggin. Your letter of December 7, 1926, protesting the assessment as transferee of the Magnolia Window Glass Company, has been given careful consideration. The additional income tax due from the Model Window Glass Company was transferred to the Magnolia Window Glass Company, transferee, pursuant to the provisions of section 280 of the Revenue Act of 1926, and you admit in your letter that the Magnolia Window Glass Company purchased the plant and equipment of the Model Window Glass Company, said plant and equipment consisting of 8.9 acres, warehouse, main factory building, and necessary equipment for the manufacture of hand-blown glass.

"The amount of tax due from the Magnolia Window Glass Company, transferee, is $9,060.50, and, in so far as I am aware, you have made no offer to pay this tax, and I do not know that you have made any effort to pay; but it does appear to me that, on the part of the several parties connected with one or more of these companies, there has been a consistent attitude leading me to think that the payment of this tax is being evaded. Distraint warrants have been issued and liens filed, and these liens cover property and rights to property of the Magnolia Window Glass Company, transferee of the Model Window Glass Company, and the government is interested only in its equity in such property and rights to property.

"Referring specifically to your request for release of the $12,000 insurance on the glass which you state belonged to the Magnolia Window Glass Company, there has been no proof submitted to me that this glass was the property of the Magnolia Window Glass Company. There has been no proof submitted that the Model Window Glass

Company never had any interest in this glass and, therefore I am not in a position to release any lien which I have filed.

"You are further notified that, unless this tax, in the amount of $9,060.50, is paid at once, I will proceed with the seizure and sale of any assets of the Magnolia Window Glass Company, transferee. If any of the parties had, at any time, made an effort to pay this tax, or made a partial payment of the tax, my attitude would perhaps have been different. If there is any doubt in your mind as to what property the liens filed by the government cover, it appears to me that you have proper recourse in the court.

"Very truly yours,

"H. L. Remmel, Collector."

On March 29, 1927, the collector wrote a letter to the Magnolia Window Glass Company which reads as follows:

"Magnolia Window Glass Company, Ft. Smith, Arkansas—Gentlemen: Reference is made to previous correspondence had with you regarding the legality of distraint proceedings on account of the assessment made against the Magnolia Window Glass Company, transferees of the Model Window Glass Company. You are advised that the assessment against the Model Window Glass Company was made after the enactment of the Revenue Act of 1924, and the assessment on the Magnolia Window Glass Company was made a jeopardy assessment, pursuant to section 279(a) of the Revenue Act of 1926, and section 280 of the Revenue Act of 1926. The Revenue Act of 1924 provides, where an assessment of taxes made within the legal period, such tax may be collected by distraint, or by proceeding in court begun within six (6) years after the assessment of the tax. It seems clear that the provisions of section 278(d) of the 1924 act are controlling in this case, and that the decision quoted by you in the case of the New York & Albany Lighterage Company has no bearing on the distraint assessment against the Magnolia Window Glass Company.

In view of the facts as outlined above, the Commissioner of Internal Revenue has advised me that I should proceed with the collection of the outstanding assessment against the Magnolia Window Glass Company, inasmuch as the Magnolia Window Glass Company failed to make bond as provided by section 279(f) of the Revenue Act of 1926."

In the letter of the collector of December 11, 1926, in reply to one item of the protest of the Magnolia Window Glass Company, the collector said:

"Referring specifically to your request for release of the $12,000 insurance on the glass which you state belonged to the Magnolia Window Glass Company, there has been no proof submitted to me that this glass was the property of the Magnolia Window Glass Company. There has been no proof submitted that the Model Window Glass Company never had any interest in this glass, and therefore I am not in a position to release any lien which I have filed."

The undisputed proof in the case shows that the Model Window Glass Company never had any interest in the glass covered by the insurance; that the glass was not any part of the property that was transferred by the Model Window Glass Company to the Magnolia Window Glass Company. Therefore the government can have no lien upon that glass, or upon the insurance money to be paid for its loss by fire. It appears from the testimony that there was insurance on a building as a part of the real estate conveyed by the Model Window Glass Company to the Magnolia Window Glass Company. The government may have a lien upon the proceeds of the insurance for the loss of this building, but that is not involved in these three suits.

[4] The plaintiff claims a penalty of 12 per cent. and an attorney's fee under section 6155 of Crawford & Moses' Digest of the Statutes of Arkansas, for the failure by the insurance companies to pay the losses under the insurance policies. The insurance companies defend against that claim on the ground that, upon the notices given them by the collector of internal revenue of the liens claimed by him in behalf of the government, they were justified in not paying the losses when demand was made. Under the circumstances, the above statute cannot be held to apply. The insurance companies were justified in withholding payment.

The plaintiff will be entitled to judgments for the losses on all policies placed on the glass that was destroyed by fire.