## CLARK DREDGING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6555.

Circuit Court of Appeals, Fifth Circuit.

Feb. 21, 1933.

Wm. S. Hammers, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which disallowed certain deductions claimed by the taxpayer from income taxes for the years 1924 and 1925, and sustained deficiency assessments as determined by the Commissioner of Internal Revenue. Clark Dredging Co. v. Commissioner of Internal Revenue, 23 B. T. A. 503.

In 1922 petitioner was incorporated and succeeded to all the assets and liabilities of another corporation, the Bowers Southern Dredging Company. The latter company, after its capital stock had been exchanged by its stockholders ratably for petitioner's stock, surrendered its charter for cancellation. Petitioner contends that the Board erred in refusing as deductions in 1924 the aggregate amount of the net losses sustained by the Bowers Company and by it under a contract with the United States for dredging in the harbor at Miami, Fla. The Bowers Company had undertaken that contract in 1916 and given bond to secure performance, but had delayed performance beyond the time allowed. Because of the default, in 1921 the United States, as it had the right to do, took over and completed the dredging work. In 1924 the surety on the bond required petitioner, which had assumed the liability of the Bowers Company, to deposit $85,000 in cash and bonds to save it harmless from demand by the United States for reimbursement on account of the increased cost resulting from a breach of the dredging contract, and during that year the petitioner entered on its books, which it kept on the accrual basis, the full amount of $85,000 as a contingent liability. In 1928 a compromise was finally reached under which

the government received $40,000 in settlement, and $45,000 in cash and securities were returned to petitioner.

Petitioner also contends that the Board erred in refusing to allow as a deduction in 1925 an amount as liquidated damages for delay in completion of a dredging contract in the harbor at Nassau, Bahama Islands. That contract provided for liquidated damages of 100 pounds per week for failure to complete the work within the time stipulated. Although petitioner was notified of the amount claimed for failure to complete the work on time, there was no demand for its payment, nor was any amount withheld that was due under the terms of the contract. A supplemental contract was entered into some time after 1926. Petitioner did not make any entry on its books with reference to the matter until December 31, 1926, when the amount now claimed was entered as a contingent liability.

The net loss incurred by the Bowers Company in 1921 is not deductible from net income earned in 1924. The Revenue Act of 1921 in section 204 (b), 42 Stat. 231, permits a deduction of a net loss in the succeeding year; and if in the latter year the net loss is in excess of the net income, the amount of the excess will be allowed as a deduction in the next succeeding taxable year. Petitioner construes this language to mean that the net loss of one year may be carried forward from year to year indefinitely until a net income large enough to absorb it is realized. We do not think the section referred to is capable of that construction, but it is immaterial in this case whether it is or not; for the Revenue Act of 1924 repeals this section as of January 1, 1924 (Revenue Act 1924, section 1100 (a), 43 Stat. 352, and substitutes language which clearly provides that beginning with 1922 a net loss will not be carried forward beyond the third year. Section 206 (b) (e) and (f), 26 USCA § 937 (b, e, f). No provision is made for allowing in 1924 a net loss sustained in 1921. It is unnecessary to determine whether in any event petitioner would be entitled to deduct a net loss which, before it was incorporated, was sustained by the Bowers Company. Petitioner was not entitled to make any deduction in 1924 for a loss afterwards sustained in connection with the Miami Harbor contract. Its liability was admittedly contingent. It was not a conceded but a contested liability, and was finally compromised in 1928 for less than half the amount demanded by and deposited with the surety. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538; Pharr

v. Commissioner (C. C. A.) 56 F.(2d) 832; Commissioner v. Southeastern Express Co. (C. C. A.) 56 F.(2d) 600.

Nor was petitioner entitled to deduct from its net income for 1925 the amount of net loss which it might thereafter sustain under its Nassau contract, as it does not appear that any such loss because of that contract has ever been or will be sustained. Here again its apparent liability for damages on account of delay was not admitted and was subject to be explained away by a multitude of possible causes for which petitioner was not responsible. The amounts payable on account of delay were not deducted from subsequent payments made during the progress of the work and for all that appears were never deducted by the other party to the contract. The decisions above cited are applicable also to this last claim for deduction.

The petition for review is denied.