NEW COLONIAL ICE CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 218.

Circuit Court of Appeals, Second Circuit.

July 17, 1933.

Joseph Sterling, of New York City, for petitioner.

Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The petitioner seeks a review of deficiencies of income taxes for the year April 14, 1922, to December 31, 1922, and for the calendar year 1923. Revenue Act 1926, §§ 1001–1003, 44 Stat. 9 (26 USCA §§ 1225, 1226, and § 1224 and note).

The Colonial Ice Corporation, a New York corporation, had authorized capital stock of $750,000 divided into 6,500 preferred shares at $100 par value and 20,000 common shares at $5 par value. It owned an ice plant and entered into extensive contracts for the alteration and improvement of its buildings and machinery. It became financially involved, and a creditors' committee took charge and formed a new corporation, the petitioner, with a capitalization of $700,000 consisting of 6,000 shares of preferred stock at $100 par value and 20,000 common shares at $5 par value. The assets of the old corporation were transferred to the new, and the new corporation issued 3,385 shares of preferred stock to the old corporation, and it returned the stock to the new corporation with directions that the certificate be canceled and the stock be reissued to such persons as the new corporation might direct; 3,385 shares of common stock of the new company were issued to voting trustees who issued a certificate for a like number of shares to the old company, which indorsed and redelivered said certificate of 3,385 shares to the voting trustees with directions to issue trustees' certificates to such persons as the old company might direct. The stockholders of the old company, with the exception of some owning 247 shares of each class of stock, surrendered their stock to the old company and received from the new company, on direction from the old company, share for share of preferred stock and received voting trust certificates of common stock in the new company share for share. The old company retired and canceled the preferred and common stock so surrendered. The owners

of 247 shares of preferred and a like number of common stock of the old company did not surrender their stock up to December 31, 1922. The old company's corporate existence continued throughout the years in question, but subsequent to April 13, 1922, it had no assets or income and carried on no business.

During the period from April 14 to December 31, 1922, the petitioner had a net income of $48,763.43, and, during the calendar year 1924, $56,242.55. For the years 1922 and 1923, the petitioner and the old company filed consolidated returns and claimed a net loss of $40,676.52 sustained by the old company in 1921, thus reporting a net loss of $6,624.59 which they sought to carry forward and use as a deduction from the new company's income of 1923. The Commissioner disallowed this loss, but allowed the new company the benefit of the loss sustained by the old company during the period from January 1 to April 13, 1922, but before the Board of Tax Appeals, in his answer, the Commissioner claimed an additional deficiency for this period based upon the claim that the petitioner was not entitled to deduct the loss sustained by the old company during the period from January 1 to April 13, 1922. It was held by the Board that the two companies were not entitled to file consolidated returns and were separate taxpayers. It refused to allow petitioners the benefit of the net loss sustained by the old company.

The taxing acts recognized the distinction between corporate entities. Dalton v. Bowers, 287 U. S. 404, 53 S. Ct. 205, 77 L. Ed. 389; Burnet v. Commonwealth Improvement Co., 287 U. S. 415, 53 S. Ct. 198, 77 L. Ed. 399; Burnet v. Riggs Natl. Bank, 57 F. (2d) 980 (C. C. A. 4); Athol Mfg. Co. v. Comm'r, 54 F. (2d) 230, 231 (C. C. A. 1); Ins. & Title Guarantee Co. v. Comm'r, 36 F. (2d) 842 (C. C. A. 2). Under the statute, deductions are personal to the taxpayer. Planters' Cotton Oil Co. v. Hopkins, 53 F. (2d) 825 (C. C. A. 5); Busch v. Comm'r, 50 F. (2d) 800 (C. C. A. 5). Moreover, deductions are restricted usually to the taxable year to which they are properly allocated under the accounting method adopted by the taxpayer. In any case, to support the right of deducting a loss, the taxpayer must come within the terms of the statute permitting the loss. Choteau v. Burnet, 283 U. S. 691, 51 S. Ct. 598, 75 L. Ed. 1353; A. Schrader's Son v. United States, 51 F. (2d) 1038 (C. C. A. 2); Heiner v. Colonial Trust Co., 275 U. S. 232, 48 S. Ct. 65, 72 L. Ed. 256. A taxpayer who seeks to charge off a loss suffered in an earlier year must do so by virtue of some statute permitting the deduction, and must bring himself within the terms thereof; otherwise his losses are confined to the current year. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128. Here the appellant seeks to maintain its position by virtue of the Revenue Act of 1921 (42 Stat. 227, 229, 231, 260) section 202, defining nontaxable transactions, section 204, net loss provisions, and section 240, relating to affiliations.

Section 240 permits consolidated returns. When the transactions of exchange of stock were consummated as stated above, there were outstanding in the old company only 247 shares of each class of stock. The holders of those shares owned no stock in the petitioner. The owners of the remaining preferred stock and of the voting trustees' certificates for a like number of shares of common stock of petitioner owned no stock of the old company. The two companies were not entitled to file a consolidated return. Handy & Harman 'v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207. Section 240 does not permit such a return.

Subsection (a) of section 204 specifies the formula for determining net loss, and subsection (b) provides that where any taxpayer has sustained a net loss the amount thereof may be carried forward and "deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year. * * *" The statute limits the use of a net loss to the net income of the taxpayer who sustained the loss. Woolford Realty Co. v. Rose, supra; Comm'r v. Ben Ginsburg Co., 54 F. (2d) 238 (C. C. A. 2). The question therefore is whether the petitioner is the same taxpayer as the old company. An assessment against the old company would not have established a lien upon the assets of the new. Hill v. Firemen's Ins. Co. (D. C.) 25 F. (2d) 1007. The petitioner could not prosecute an appeal from the Board of Tax Appeals with respect to the deficiency asserted against its predecessor. Carnation Milk Products v. Comm'r, 15 B. T. A. 556. In the absence of an exempting statute, the exchange of assets of the old company for the stock of the new company constituted a taxable transaction. Ins. & Title Guarantee Co. v. Comm'r, 36 F. (2d) 842 (C. C. A. 2). Indeed, if the old company were the same taxpayer as the new, only one return should

482

have been filed for the years 1922 and 1923, irrespective of the provisions of § 240. Sweets Co. of America v. Comm'r, 40 F.(2d) 436 (C. C. A. 2).

The petitioner is not the same taxpayer as the old company, and section 202 does not entitle it to deduct the old company's net losses. We are referred to Comm'r v. Sansome, 60 F.(2d) 931 (C. C. A. 2), in pressing the argument that section 202 so operates as to blend the old company into the petitioner and make it a continuation of the old company, but that case is distinguishable on its facts. Unless the petitioner brought itself within the provisions of section 202, it has no application. Ins. & Title Guarantee Co. v. Comm'r, 36 F.(2d) 842 (C. C. A. 2). That section deals with the gain derived or loss sustained from the sale or other disposition of property. The Sansome decision has no bearing upon section 204, but deals entirely with establishing the relation between sections 201 and 202. Section 204 relates solely to the computation and use of "net losses resulting from the operation of any trade or business regularly carried on by the taxpayer. * * *" The petitioner and the old company were separate entities and separate taxpayers.

The petitioner is unable to point to any statute allowing it to benefit by the net loss sustained by the old company, and therefore it may not prevail. Woolford Realty Co. v. Rose, supra; Dalton v. Bowers, supra. Pioneer Pole & Shaft Co. v. Comm'r, 55 F.(2d) 861 (C. C. A. 6), and H. H. Miller Industries Co. v. Comm'r, 61 F.(2d) 412 (C. C. A. 6), are cases in which the court held that the petitioner there was the same taxpayer as its predecessor. If they may be regarded as in conflict with this decision, we are constrained not to follow these authorities. We hold the old and the new corporation to be separate taxpayers.

Order affirmed.