## BRANDON CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 3639.

Circuit Court of Appeals, Fourth Circuit.

June 11, 1934.

John W. Townsend, of Washington, D. C. (James Craig Peacock, of Washington, D. C., on the brief), for petitioner.

M. H. Eustace, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and PAUL, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, involving income taxes of the petitioner for the period from June 1, 1928, to December 31, 1928, and involves a deficiency determination by the Commissioner of Internal Revenue against the petitioner in the sum of $8,760.-07. The decision of the Board, which is not reported, was promulgated August 17, 1933 (B. T. A. docket No. 51693). The Board sustained the finding of the Commissioner.

The facts as found by the Board of Tax Appeals are as follows:

"Brandon Mills, Poinsett Mills, and Woodruff Cotton Mills were separate South Carolina Corporations engaged in the manufacture of cotton goods during the first five months of the calendar year 1928. They were not affiliated and each filed a separate return for that period of five months. Brandon Mills had taxable net income of $48,416.60, while Poinsett Mills had a statutory net loss of $35,914.77, and Woodruff Cotton Mills had a statutory net loss of $37,085.81 for that period.

"The petitioner, a new corporation, came into existence on June 1, 1928, as a result of the consolidation of the three former corporations under the laws of South Carolina. Under this law the three former corporations were dissolved. The petitioner carried on its business for the last seven months of 1928 and filed a return for that period. Its taxable net income for that period of seven months was $219,951.49. In its return the

petitioner deducted the total net losses of Poinsett Mills and Woodruff Cotton Mills for the period of five months from January 1, to May 31, 1928."

The Commissioner refused to allow the deduction, and the only question presented here is whether the petitioner is entitled to deduct the net losses sustained, in the preceding tax period, by two of the three corporations which were consolidated to form the petitioner corporation.

Section 117 (b) of the Revenue Act of 1928 (26 USCA § 2117 (b) provides: "If, for any taxable year, * * * any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year. * * * "

It is settled that only those deductions may be allowed which are specifically authorized. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128; Brown v. Helvering, 291 U. S. 193, 54 S. Ct. 356, 78 L. Ed. 725, decided by the Supreme Court January 15, 1934; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049; Darby-Lynde Co. v. Commissioner (C. C. A.) 51 F.(2d) 32; Phipps v. Bowers (C. C. A.) 49 F.(2d) 996. It is clear from the reading of the statute that in order to allow the deduction claimed by the petitioner the loss must have been suffered by the same taxpayer. That the petitioner was the same taxpayer as were the two companies that suffered the loss, claimed as deductible, cannot be successfully maintained. Here the consolidation of the three companies was not a merger such as was involved in the case of Western Maryland Ry. Co. v. Commissioner (C. C. A.) 33 F.(2d) 695. In Burnet v. Riggs National Bank, 57 F.(2d) 980, we held that separate corporate entities of even merged banks could not be ignored in determining what was deductible loss, and in Planters' Cotton Oil Co. v. Hopkins, 286 U. S. 332, 52 S. Ct. 509, 76 L. Ed. 1135, the Supreme Court held that losses suffered by joint stock associations during the year preceding affiliation with other companies were not deductible.

The Board of Tax Appeals has uniformly held that a corporation may not deduct a net loss of a predecessor. Appeal of White House Milk Co., 2 B. T. A. 860; West Point Marion Coal Co. v. Commissioner, 19 B. T. A. 945; Plumber's Supply Co. v. Commissioner, 20 B. T. A. 459; Athol Mfg. Co. v. Commissioner, 22 B. T. A. 105, affirmed (C. C. A.) 54 F.(2d) 230; Standard Silica Co. v. Commissioner, 22 B. T. A. 97; Clark Dredging Co. v. Commissioner, 23 B. T. A. 503, affirmed (C. C. A.) 63 F.(2d) 527; Overbrook National Bank of Philadelphia v. Commissioner, 23 B. T. A. 1390; New Colonial Ice Co. v. Commissioner, 24 B. T. A. 886, affirmed (C. C. A.) 66 F.(2d) 480; Hartford-Empire Co. v. Commissioner, 26 B. T. A. 134; Elliott-Granite Linen Corporation v. Commissioner, 26 B. T. A. 936; Manufacturers Trust Co. v. Commissioner, 28 B. T. A. 1260.

In Industrial Cotton Mills Company, Inc., v. Commissioner, 61 F.(2d) 291, 293, the facts in which are easily distinguished from the facts in the present case, we said: " * * * And on the same principle, loss sustained by one corporation prior to its merger with another cannot be availed of, we think, by the corporation resulting from the merger. This rule, however, is based upon the fact that the statute authorizes the carrying forward of the deduction only by the taxpayer who has sustained the loss; and a group of affiliated corporations, although a taxpaying unit, is not a taxpayer within the meaning of the section authorizing the deduction. To permit the deduction in the consolidated return of affiliates or in the return of a corporation succeeding to their rights by merger would open the door to tax evasion by permitting a corporation with taxable income to escape taxation by the simple expedient of acquiring a business which had sustained losses in past years."

In New Colonial Ice Co., Inc., v. Helvering, Commissioner, 54 S. Ct. 788, 78 L. Ed. 1348, decided by the Supreme Court May 28, 1934, that court affirmed the Circuit Court of Appeals for the Second Circuit, 66 F.(2d) 480, which court had affirmed the decision of the Board of Tax Appeals on a question similar to that here involved. This decision of the Supreme Court is controlling as to the question here.

Had there been here a merger in which an existing corporation continued its existence, the other corporation or corporations, being subsidiaries of the main corporation and being merged into it, such as was the case in Western Maryland Ry. Co. v. Commissioner, supra, a different question might be presented. Such is not the case here. The three separate and independent corporations went out of business and were dissolved, and the petitioner, a new corporation, was formed to take over the assets and business of the three. The new corporation was an entirely different and separate entity, and therefore a different taxpayer. The decision of the Board is affirmed.