MOLINE PROPERTIES, INC., A FLORIDA CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103862.   Promulgated November 7, 1941.

*Douglas D. Felix, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

648

OPINION.

ARUNDELL: The petitioner here seeks to be relieved from reporting gain on the sale of real property to which it held title, and to have that gain taxed to its sole stockholder. It argues that the purpose for which it was established and the limited scope of its function render it so unsubstantial as to require us to disregard it in fixing tax liability.

The answer to this argument, the respondent contends, is that the original limited purpose for which the petitioner was organized was terminated in 1933 and that during the taxable years it must be regarded as an ordinary taxable corporation, especially in view of its activities in renting and selling its realty holdings.

There is some substance in the latter contentions and in the presence of evidence of additional activity on the petitioner's part in 1935 and 1936 we should perhaps incline to the respondent's view. However, as we regard the issue, it reduces to a question of whether limited activities involving the sale of vacant property and the rental

of a portion of it during a part of the interim, carried through by a corporation of the type we have consistently disregarded, after the reasons for its organization have lapsed, can convert the petitioner into a substantial concern which must be taxed separately. The answer is to be found in the facts. The organization of the petitioner was undertaken at the suggestion of Thompson's creditors as a means of protecting their investments and of saving his equity in certain Florida real estate. Control of the corporation was placed in the bank. It had no activities from that time until 1933 except one transaction of somewhat dubious character whereby the bank apparently sought to charge the petitioner with an additional debt of Thompson. During the year 1933 the creditors instigating its organization were paid by Thompson and control of the petitioner was returned to him. Settlement of the indebtedness was made with borrowings from other sources. The corporation continued to exist down through the taxable years, sales of its holdings being made in each of the intervening years. No other activities were carried on by it except rental of a portion of the property in 1934 for use as a parking lot. It maintained none of the equipment or paraphernalia ordinarily associated with the corporate form, including offices, employees, books, or other records.

From this review of the circumstances before us it must be apparent that the petitioner existed for very limited purposes. The primary purpose, the protection of the stockholders' creditors, was one which we have considered before. *Abrams Sons' Realty Corporation*, 40 B. T. A. 653. There we held that a corporation, organized to hold title to mortgaged property, to protect the mortgagees and to secure an equitable distribution of the proceeds when the land was condemned, should be disregarded in taxing any gain resultant on the condemnation. See also *Thrift Realty Co.*, 29 B. T. A. 545.

The limited activities for which it was maintained thereafter do not alter its essential nature. It continued merely as a holder of title. Full beneficial ownership was in Thompson, who continued to manage and regard the property as his own individually. We have frequently held that a corporation which existed merely to facilitate the passage of title to real estate, where its stockholders acted without regard for the corporate entity, was a mere figmentary agent which should be disregarded in the assessment of taxes. *Mark A. Mayer*, 36 B. T. A. 117; *J. L. McInerney*, 29 B. T. A. 1; affd., 82 Fed. (2d) 665; *Stewart Forshay*, 20 B. T. A. 537.

These cases give adequate answer to the respondent's chief contentions. It is true that the petitioner was not organized originally for the purpose for which it was maintained during the taxable years. Both purposes, however, fall within the holdings wherein we have

disregarded the corporate entity to effect a more realistic assessment of taxes. The final circumstance of rentals collected in 1934 falls in the category of a limited incidental operation which was undertaken without disturbing the essential functioning of the petitioner. Its minor character renders it of no effect on our conclusion.

The case of *Fleming G. Railey*, 36 B. T. A. 543, relied on by the respondent, is not applicable here, where it is plain that Thompson did not organize the petitioner as a "shield against judgment creditors." Cf. also *Sheldon Building Corporation* v. *Commissioner*, 118 Fed. (2d) 835.

The petitioner must accordingly be sustained.

*Decision will be entered for the petitioner.*