## COMMISSIONER OF INTERNAL REVENUE v. MOLINE PROPERTIES, Inc.

### No. 10279.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1942.

Rehearing Denied Dec. 11, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Benjamin M. Brodsky, Sp. Assts. to Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

Douglas D. Felix, of Miami, Fla., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The petition involves income and excess-profits taxes for the years 1935 and 1936, and a delinquency penalty for the year 1936. The facts are stated in detail by the Board of Tax Appeals in its reported opinion, Moline Properties, Inc., v. Commissioner of Internal Revenue, 45 B.T.A. 647.

The respondent, Moline Properties, Inc., was organized in 1928, and at all times Uly O. Thompson has been its president

and sole stockholder, with the exception of holders of qualifying shares. The corporation was organized at the suggestion of Thompson's creditors as a means of protecting investments and saving his equity in certain parcels of real estate located in Florida; the mortgagee having agreed to advance further funds on condition that the corporation should be organized. The property was conveyed by Thompson to the corporation, and the stock issued to him was pledged with the mortgagee and placed in a voting trust. On July 29, 1933, the corporation satisfied the two outstanding mortgages with funds secured from a new mortgage loan. Control of the corporation was returned to Thompson in 1933.

Moline Properties, Inc., did not keep books of account or maintain a bank account. It owned no assets other than the real estate. In 1934 it leased a portion of its properties for use as a parking lot and received $1,000 as rental. Thompson owned other extensive real property holdings in Miami, Florida, title to all of which was in his name individually.

The real property held by Moline Properties, Inc., was sold in three separate parcels, one each in the years 1934, 1935, and 1936. The corporation transacted no further business after sale of the last parcel of property in 1936. The Board of Tax Appeals sustained the taxpayer's contentions and held that the corporation functioned merely as an agent for Thompson; that the corporate existence must be disregarded in taxing the gains from the sales of the property of the corporation; and that, treating Moline Properties, Inc., as a corporation without substance, Thompson was entitled to report the proceeds from the sales as his individual income. By timely petition for review the Commissioner of Internal Revenue questions the correctness of the Board's decision.

■ The Board of Tax Appeals erred in its decision. Ordinarily a corporation and its stockholders are for purposes of taxation held to be separate entities, and the rule is not changed by the mere fact that one person owns all or substantially all of the stock of the corporation. Planters' Cotton Oil Co. v. Hopkins, 5 Cir., 53 F.2d 825; Watson v. Commissioner, 2 Cir., 124 F.2d 437. In tax matters "the tendency is not to ignore the corporate entity unless it be used to defraud the law, but rather, when natural persons are using corporate forms to do their business, they and their corporations are held to the literal consequences." Bancker v. Commissioner, 5 Cir., 76 F.2d 1, 2. In the case at bar Thompson, for reasons satisfactory to himself and to his creditors, elected to employ a corporation in the handling of certain parcels of his real estate. Having chosen the corporate form to conduct these affairs, both Thompson and his corporation must accept the tax disadvantages of the plan; and they may not now, in order to escape corporate taxes, be heard to disavow the corporate existence and allege that the respondent was merely a "dummy" corporation. Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 84 L.Ed. 406; Interstate Transit Lines v. Commissioner, 8 Cir., 130 F.2d 136.

The gains from the sales of the properties of the corporation were taxable to the respondent. Accordingly, the petition is granted, and the decision of the Board of Tax Appeals is reversed with directions to enter decision for the Commissioner.