## FIRST NAT. BANK IN HOUSTON v. SCOFIELD, Collector of Internal Revenue.

### No. 14180.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

M. U. S. Kjorlaug, Houston, Tex., Boyles & Billingsley, Houston, Tex., for appellant.

S. Dee Hanson, Ellis N. Slack, Robert N. Anderson, William L. Norton, Jr., Sp. Assts. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., Brian S. Odem, U. S. Atty. and W. G. Winters, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, First National Bank *in* Houston, brought this action against the appellee, Collector of Internal Revenue, to recover allegedly excessive income taxes paid for the year 1944. The appellant, hereinafter referred to as the taxpayer, was organized and began business in 1933. During the years 1931 to 1935, the taxpayer's predecessor, First National Bank *of* Houston, charged off as worthless bad debts certain securities without realizing any tax benefit therefrom. Amid various transactions over the years, these securities were acquired by the taxpayer from its predecessor at zero value; and in 1944 the taxpayer collected $41,148.96 on some of the notes. The question presented on this appeal is whether, under Section 22(b) (12) of the Internal Revenue Code, this sum should be excluded from the taxpayer's taxable income.

These are two banking corporations with similar but different names, and they must not be confused. One was organized in 1866 and dissolved in 1942, which may be referred to as the old bank; the other was organized in 1933 and is still a going concern, which may be referred to as the new bank. In many respects, the new bank was the successor of the old, but it was not the same legal entity as its predecessor; it was not intended to be the same bank; its creation and maintenance as a separate organization had a substantial business motivation, and was followed by separate and distinct business activities. For a period of eight years, from 1933 to 1941, both banks filed separate income tax returns, each reporting during each year its own business transactions. They had separate and distinct functions; each fulfilled a purpose envisioned by its organizers and dictated by cogent business reasons. In the circumstances and under the law, the two banks were separate and distinct entities for tax purposes.

Section 22(b) (12) of the Internal Revenue Code is not applicable in this case because the recovery-exclusion definition therein is restricted to recoveries on bad debts, the charge-off of which did not result in a reduction of the taxpayer's tax. The charge-offs in this case were made by the taxpayer's predecessor, which thereby obtained the statutory right to the de-

duction for bad debts subsequently collected. The right is not transferable. Since the statute does not provide for the transfer of the right to the deduction for charged-off bad debts, the taxpayer cannot obtain that right from its predecessor, which sustained the loss. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440–441, 54 S. Ct. 788, 78 L.Ed. 1348; Brandon Corp. v. Commissioner, 4 Cir., 71 F.2d 762; Weber Flour Mills Co. v. Commissioner, 10 Cir., 82 F.2d 764; Jones v. Noble Drilling Co., 10 Cir., 135 F.2d 721, 724–725.

From 1933 through 1941, both the old bank and the new conducted separate businesses: the old, the business of liquidating its affairs; the new, a general banking business. During that period, it does not appear that the old bank and the new considered themselves to be one and the same institution; neither had control over the other; the arrangements served proper business ends; and, the advantages incident thereto having been reaped, the taxpayer cannot avoid the proper tax consequences of what was done. New Colonial Ice Co. v. Helvering, supra, 292 U.S. at page 441, 54 S.Ct. 788, 78 L.Ed. 1348. In Commissioner v. Moline Properties, Inc., 5 Cir., 131 F.2d 388, 389, this court said that the tendency is not to ignore the corporate entity unless it be used to defraud the law; but, having chosen the corporate form to conduct their affairs, natural persons must accept the tax disadvantages of the plan. In affirming this doctrine, the Supreme Court said, 319 U.S. 436, 438–439, 63 S.Ct. 1132, 1134, 87 L.Ed. 1499, that the doctrine of corporate entity fills a useful purpose in business life; and, "so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity."

The right of exclusion from gross income and exemption from taxation of items attributable to the recovery of a bad debt, to the extent of the amount of the tax benefit not derived therefrom, is a matter of legislative grace that may be claimed only by the taxpayer to which it accrues. In determining the beneficiaries of the right,

corporate entities may not be disregarded. In the case at bar, there is no effort to tax either creditors or stockholders. What is being taxed is the income realized in 1944 by the appellant in conducting its business. Accordingly, the judgment appealed from is affirmed.

Affirmed.