In the Matter of BERTHA ORDA, Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, May 6, 1966.

*Moldauer & Katz* (*Irving Moldauer* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for respondent.

GIBSON, P. J. This is a proceeding under article 78 of the CPLR to review a final determination of the State Tax Commission which sustained an assessment of taxes against petitioner as against her claim (upon her resident return of income under article 16 of the Tax Law for the year 1959) that her distributive share of the total net loss reported by Adelphia Realty Company on its partnership return constituted a normal tax loss deductible against normal income. Petitioner was one of 44 partners of Adelphia which incurred the loss so reported on its disposition of a hotel and related properties by transfer thereof to the holder of a mortgage thereon. The Tax Commission held that the hotel operations conducted in the properties owned by the partnership were not carried on by the partnership, as petitioner asserts, but by its tenant, a corporation formed for that purpose, with the result " that the real and personal property of the partnership did not constitute land and depreciable assets used in a business carried on by the partnership itself as the partnership was merely renting the property to a tenant, and that accordingly, for New York State income tax purposes, the land and depreciable property represented capital assets in the hands of the partnership at date of disposition, giving rise to a capital loss to the partnership and to the taxpayer to the extent of her distributive share thereof, pursuant to the provisions of Section 350, subdivisions 12, 14 and 15 of the Tax Law." It is conceded that the hotel would not constitute a capital asset in the hands of the partnership if the partnership had operated the hotel at the time it disposed of the hotel property (Tax Law, § 350, subd. 12); and petitioner asserts that the corporation (the three issued shares of which were held by two of the partners and the son of one of them) " served merely as an agent and conduit for Adelphia ", and that the corporate " facade " should be overlooked and the partnership held to have been the operator.

The asserted right to pierce the corporate veil in an appropriate case is not usually invoked by the stockholder but by one claiming against him and seeking to avoid the perpetration of a fraud under cover of the corporate device, or otherwise to effectuate a demonstrated equitable right. (See, e.g., *Bartle* v. *Home Owners Co-op.*, 309 N. Y. 103, 106–107; *Commissioner of Internal Revenue* v. *Moline Props.*, 131 F. 2d 388, affd. 319 U. S. 436; 11 N. Y. Jur., Corporations, § 10.) In any event, we perceive no basis whereby the Tax Commission was, on this record, bound to disregard the corporate status which petitioner and her partners for their own purposes chose to create.

There is abundant substantial evidence that the operation was, in fact and in truth, that of the corporation and not the partnership; the Tax Commission was entitled to accept that proof; and we are without authority to disturb the finding predicated upon it.

Petitioner's additional contentions, so far as they are properly before us, seem to us insubstantial and not such as to require discussion.

The determination should be confirmed.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Determination confirmed, with costs to respondent.