■ In the Matter of PARK SWIFT PARKING CORP., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a notice of deficiency for corporation franchise taxes under article 9-A of the Tax Law. Petitioner, a domestic corporation, operated a number of parking lots and garages in New York City. The premises where each lot or garage was located were owned by one of five entities variously described as partnerships and joint ventures. Petitioner filed corporate franchise tax returns for fiscal years ending June 30, 1970 through June 30, 1974. On each return, petitioner was described as "dormant" and as having no net income. It paid only the minimum tax. After an audit, the State Department of Taxation and Finance found that petitioner was an active corporation having net income. A notice of deficiency for unpaid corporate franchise taxes, plus interest and additional charges, was then issued to petitioner for the fiscal years in question. Petitioner sought redetermination contending it was merely an agent and conduit for the various partnerships

which owned the lots and that the income was attributable to those entities rather than to petitioner. Alternatively it argued that if it were so liable, then it was entitled to deductions for rent, salaries, management fees and general administrative expenses. After a hearing, respondent sustained the notice of deficiency and found that petitioner had failed to meet its burden of proof to establish its right to the claimed deductions. This proceeding for review ensued. The determination of the State Tax Commission should be confirmed. Respondent's conclusion that petitioner was an active corporation having income for corporate franchise tax purposes is supported by substantial evidence. The judicial function in reviewing determinations of the State Tax Commission is limited. If there are any facts or reasonable inferences from the facts to support the commission's determination, it must be confirmed (*Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Golden v Tully,* 88 AD2d 1058). Whether a corporation conducts business on its own or for a principal depends on the existence of "the usual incidents of an agency relationship" (see *Moline Props. v Commissioner of Internal Revenue,* 319 US 436, 440). Among the factors to be considered are "[w]hether the corporation operates in the name and for the account of the principal, binds the principal by its actions, transmits money received to the principal, and whether receipt of income is attributable to the services of employees of the principal and to assets belonging to the principal" (*National Carbide Corp. v Commissioner of Internal Revenue,* 336 US 422, 437). In the case at bar, petitioner collected the money, paid expenses, executed leases and participated in arbitration agreements and hearings. There is ample evidence that the parking lot operation was that of petitioner and not of the partnerships. The partnerships having chosen to operate the parking lots through a corporation, for purposes of their own, cannot escape the tax consequences of their choice (see *National Carbide Corp. v Commissioner of Internal Revenue, supra,* p 439; *Matter of Orda v State Tax Comm.,* 25 AD2d 332, 334, affd 19 NY2d 636). Petitioner further argues that should respondent's determination that it had net income be upheld, it is entitled to deductions for certain indirect expenses. We disagree. The burden of proof to overcome the deficiency assessment and to show a right to a deduction is on the taxpayer (Tax Law, § 1089, subd [e]; *Matter of Golden v Tully, supra*). Petitioner offered no receipts or other documents to substantiate the expenses for which the deductions are requested. Petitioner's expert witness, a parking lot consultant, testified to the approximate expenses, on a percentage basis, of a typical parking lot in New York City. However, he also stated that he was not familiar with petitioner and its operations. His testimony could properly be disregarded. Respondent's conclusion that petitioner failed to meet its burden of proving that it was entitled to the claimed deductions must be sustained (*Matter of Levin v Gallman, supra*). Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.