■ In the Matter of READER'S DIGEST ASSOCIATION, INC., AND SUBSIDIARIES, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporate franchise tax assessment imposed pursuant to article 9-A of the Tax Law. ¶ Following an audit of petitioner's corporation franchise tax returns, the Department of Taxation and Finance disallowed investment tax credits taken by petitioner on two computers, as a result of which tax deficiencies were assessed for the years ending June 30, 1975, 1976 and 1977.[*] Following a hearing, respondent upheld the determination, giving rise to this CPLR article 78 proceeding. ¶ Section 210 (subd 12, par [b]) of the Tax Law provides for an investment tax credit on tangible personal property and real property which is depreciable pursuant to section 167 of the Internal Revenue Code, has a useful life of four years or longer, is acquired by purchase as defined in subdivision (d) of section 179 of the Internal Revenue Code, has a situs in New York, and is principally used by the taxpayer in the production of goods by, *inter alia,* manufacturing, processing or assembling. Petitioner, a publisher of books, magazines, records and cassettes sold by direct mail-order business, utilized its two computers, in part, to maintain a list of prospective customers, produce mailing labels, and personalize promotional plans and literature sent by mail to millions of prospective customers. The computers perform other functions such as maintenance and updating of its customer list, general accounting functions, billing and preparation of company ledgers. Respondent determined that only the functions of printing labels and personalization of mailing pieces by the computer constituted processing within the definition of the statute, and that "petitioner has failed to establish that the printing activities * * * occupied over 50 percent of computer time and therefore, that the computer equipment was 'principally' used in processing". Regulations of the Department of Taxation and Finance define the term "principally used" to mean more than 50% of the operating time (20 NYCRR 5-2.4 [b]). Implicit in the determination under review is respondent's conclusion that only the printing functions constituted "processing" within the statutory definition and that the other computer functions were not qualifying uses. Petitioner vigorously contends that the other computer functions of maintaining and updating a customer list for marketing promotions must be included as the production of goods by processing and, further, that the determination is flawed because it fails to define

---

[*] Another issue before respondent pertaining to whether the cost of works of art should be included in the property factor of petitioner's business allocation percentage, decided adversely to petitioner, has not been challenged in these proceedings.

those computer uses which qualified for investment tax credit and those uses which do not. Short of annulment, petitioner asks that the matter be remitted to respondent to make new findings of fact based on the evidence and conclusions of law consistent with such findings. For the reasons which follow, we disagree and confirm respondent's determination. ¶ Respondent found that 43% of the computer time was used in "promotion/personalization" (which it described as the "heart of the direct mail business"), and 6% in printing of labels for magazines and other products. Standing alone, the combination of these two functions clearly does not satisfy the principal use test. Petitioner claims an additional 30% of computer time performing other functions should properly be classified as support services directly relating to the promotion and personalization of mail-order promotional pieces by development and refinement of its list of customers to whom such pieces are mailed. Respondent rejected this contention by distinguishing between the computer's actual printing activities and maintenance of customer mailing lists. The distinction is not unreasonable. Accordingly, respondent's determination that the computers were not principally used in the production of goods must be confirmed (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195; see *Matter of Mobil Oil Corp. v Finance Administrator,* 58 NY2d 95, 99). ¶ If there are any facts or reasonable inferences from the facts to support that determination, it must be confirmed (*Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Golden v Tully,* 88 AD2d 1058). The burden of proving that deficiency assessments were improper was upon petitioner (Tax Law, § 1089, subd [e]; *Matter of Levin v Gallman, supra,* p 34; *Matter of Park Swift Parking Corp. v New York State Tax Comm.,* 92 AD2d 970, 971, mot for lv to app den 59 NY2d 604). It is the general rule that the interpretation of statutes and regulations by the agency charged with the responsibility for the administration of law must be upheld if not irrational or unreasonable (*Matter of Howard v Wyman,* 28 NY2d 434, 438). For this petitioner to succeed, it must show that its own interpretation of the statute is the only reasonable construction (*Matter of Blue Spruce Farms v New York State Tax Comm.,* 99 AD2d 867). Having found that this record contains substantial evidence to support the determination and that it is neither arbitrary nor capricious, we have exhausted our limited scope of review. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.