■ In the Matter of BAMBERGER POLYMERS, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents. — Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporation franchise tax assessment imposed against petitioner under Tax Law article 9-A.

Petitioner is the parent corporation of its wholly owned subsidiary, Bamberger Polymers International Corporation (International), a domestic international sales corporation (DISC). Petitioner, which distributes plastic resin to manufacturers, created International to take advantage of legislation intended to provide tax incentives for United States firms to increase their export sales by giving favorable tax treatment for corporations engaged in export sales.

Petitioner was assessed corporation franchise tax deficiencies for tax periods occurring from January 1, 1972 through June 30, 1976. These deficiencies were based on a finding that International was a tax-exempt DISC under Tax Law § 208 (9) (i), contrary to petitioner's contention that it was a taxable DISC,

and that, therefore, petitioner was required to have filed a combined tax report with International pursuant to Tax Law § 208 (9) (i) (B). The determination of the State Department of Taxation and Finance was upheld after a hearing by the State Tax Commission. Petitioner then instituted this CPLR article 78 proceeding to review the determination of the Tax Commission. The proceeding was transferred to this court.

Since it is supported by substantial evidence, the determination of the Tax Commission should be confirmed and the petition dismissed.

The burden of proving that a deficiency assessment is improper rests on the petitioner (*see, Matter of Del-Met Corp. v State Tax Commn.*, 102 AD2d 312, 314). "The judicial function in reviewing determinations of the State Tax Commission is limited. If there are any facts or reasonable inferences from the facts to support the commission's determination, it must be confirmed" (*Matter of Park Swift Parking Corp. v New York State Tax Commn.*, 92 AD2d 970, 971, *lv denied* 59 NY2d 604).

Tax Law § 208 (9) (i), in pertinent part, defines a tax-exempt DISC as one: "which during any taxable year or reporting year (1) received more than five percent of its gross sales from the sale of inventory or other property which it purchased from its stockholders".

Tax Law § 208 (9) (i) (B) requires the consolidation of the receipts, assets, expenses and liabilities of the tax-exempt DISC with those of its parent. The corporation franchise tax is then assessed against the parent on the basis of the combined amounts.

Petitioner and International had an agreement that petitioner would make all purchases of resin supplied for itself and the DISC which each sold in different markets. Petitioner contends that the subsequent transfer of inventory to International was not a sale to the DISC. The evidence does not support this contention. The bookkeeping method utilized by petitioner evinces that a sale of goods was made by petitioner to the DISC. Petitioner made purchases in its own name, its book showed the purchased goods marked as petitioner's inventory even in those instances when the goods were directly shipped to International's customers, and, when goods were transferred to the DISC, both corporations showed a transfer of funds from the DISC to the petitioner as reimbursement. All these are indicia of a sale and support the Tax Commission's determination.

Finally, petitioner's contention that the only DISCs which were intended to be given tax-exempt status were those owned by manufacturers and not, as here, those owned by independent

distributors, making it arbitrary and capricious to apply Tax Law § 208 (9) (i) (A) literally, is unpersuasive. The Tax Commission produced documentary evidence from the legislative history to support its broad interpretation of the subject provision to include DISCs owned by distributors. Thus, petitioner failed to establish that the Tax Commission's construction is erroneous. Petitioner did not show that "its own interpretation of the statute is the only reasonable construction", as required (*Matter of Reader's Digest Assn. v State Tax Commn.*, 103 AD2d 926, 927; *Matter of Blue Spruce Farms v New York State Tax Commn.*, 99 AD2d 867). The Tax Commission's construction is rational and, therefore, should not be disturbed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.