■ In the Matter of CALISE BEAUTY SCHOOL, INC., Doing Business as HAIR DESIGN INSTITUTE AT LIVINGSTON STREET, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [666 NYS2d 839] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered July 18, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner had miscertified the class year of certain of its students.

Petitioner is a licensed beauty school in Brooklyn; during the relevant time period, some of its students received financial assistance in the form of Federally-guaranteed student loans. Respondent is the State agency charged with, *inter alia*, monitoring participating schools' compliance with Federal statutes and regulations governing these loans. When reviewing a sample of 50 loan applications submitted by petitioner's students, respondent discovered that petitioner had erroneously certified several of those students as having advanced in class year (rendering them eligible for larger loans than they could have obtained if their status had been correctly reported), despite their failure to complete the requisite number of hours of instruction. There was no indication that the errors resulted in any student receiving a larger loan than that to which he or she was actually entitled. Rather, the miscertifications apparently stemmed from confusion engendered by the so-called "seven-month rule", which allowed a student to obtain a second loan if seven months had passed since the beginning of the previous loan period, even if he or she had not yet advanced in class year (*see*, 34 CFR 682.401 [b] [2] [ii] [former (B)]). Each of the students in question fell into this category.

Upon discovering these errors, respondent requested that petitioner review the records of each student certified for a second-year loan for the academic years 1992-1993 and 1993-1994, and submit a report detailing the results. Petitioner refused, and respondent ultimately issued a final determination finding, *inter alia*, that petitioner had miscertified eight students, and had improperly disbursed funds to these students "as second year students", although they had not completed 900 clock hours of instruction, in violation of 34 CFR 668.2 (b). As a consequence, petitioner was directed to perform the record review outlined above and to submit, along with its report, the attendance record of each student listed therein. Petitioner's application for annulment of respondent's determination was dismissed by Supreme Court and this appeal followed.

We affirm. Inasmuch as respondent's interpretation of the relevant regulations is not, as petitioner contends, contrary to reason or to their plain language, it is entitled to deference (*see, Matter of Rodriguez v Perales*, 86 NY2d 361, 367). Moreover, the fact that petitioner did not benefit, financially or otherwise, from its violation of those regulations does not negate the fact that a violation occurred. While perhaps relevant to the appropriateness of the sanction imposed (notably, no monetary penalty was exacted in this instance), neither this factor, nor respondent's representation that "no liabilities

should be assessed in the absence of formal guidance" from the Department of Education, bears on the rationality of the finding that petitioner wrongly certified students as having progressed to the second year of their studies when they had not, in fact, done so. Hence, this aspect of the determination, being amply supported by the facts, must be upheld (*see, Matter of Reader's Digest Assn. v State Tax Commn.*, 103 AD2d 926, 927).

And, given that mistakes of this kind could result in students receiving loan funds in excess of the amounts to which they are entitled, it was not unreasonable for respondent, once it uncovered the fact that petitioner had misconstrued the relevant regulations, to insist on reviewing the remainder of petitioner's records, so that the actual fiscal impact of the errors made—if any—could be assessed. In sum, there being no basis in the record for affording petitioner the relief it seeks, the petition was properly dismissed.

White, Casey and Spain, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

The crux of this matter is the fact that petitioner, in processing the applications for additional loans to students who qualified for them under the "seven-month rule", incorrectly designated the students as second-year students instead of first-year students. In each instance, the student was eligible for and sought a second loan in the amount appropriate to his or her actual class year, i.e., $2,625. The error consisted of petitioner's checking a box on the student's loan application marked "2 So", designating the second class year, instead of that marked "1 Fr". This error had no consequences; it is not claimed that students received loans in excess of that to which they were entitled or that petitioner benefitted in any way from the error.

The familiar standard of review of administrative agency determinations is whether the action had a rational basis and was, therefore, not arbitrary or capricious (*Moss v Chassin*, 209 AD2d 889, *lv denied* 85 NY2d 805, *cert denied* 516 US 861; *Pell v Board of Educ.*, 34 NY2d 222, 231). While I acknowledge that petitioner committed a technical error, I believe this error should be considered in its over-all context of petitioner's treatment of the loan applications, and I attach significance to the fact that, notwithstanding the incorrect class year designation, the proper loan amount (i.e., that permitted for first-year students) was used. There is no evidence of any intent to deceive, mislead or obtain any benefit or advantage from the error. Further, while the "seven-month rule" was in effect,

respondent's October 8, 1993 bulletin to lenders and school loan officers acknowledged that it apparently had been a source of "continuous confusion", had not been the subject of formal guidance from the US Department of Education, and that "no liabilities should be assessed in the absence of formal guidance" from that agency. Notwithstanding these facts, the majority finds that petitioner "misconstrued" the relevant regulations and defends the sanction imposed as necessary to prevent recurring errors that might produce financial consequences which the actual errors concededly did not. This position ignores the fact that the errors were peculiarly attributable to the confusion caused by the "seven-month rule" which was, in fact, rescinded prior to respondent's determination of the violations.

Because I am consequently unable to find any rational basis for respondent's determination insofar as "violation A" is concerned, I would reverse Supreme Court's judgment.

Ordered that the judgment is affirmed, without costs.