THEODORE C. BONNEY et al., Appellants, v. STATE TAX COMMISSION, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered June 7, 1973 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to review the determinations of the State Tax Commission which sustained personal income tax assessments under article 22 of the Tax Law. Petitioners, Theodore C. Bonney and John J. Nicit, are law partners and, with their respective wives, petitioners Margaret F. Bonney and Anna Marie Nicit, filed joint Federal and State tax returns for the 1963 tax year. During that year, the partnership received an unusually large fee for legal services performed for a client over the period from May, 1956 to February, 1963. In their 1963 Federal income tax returns, petitioners spread this income over the 81-month period during which it was earned and recomputed their taxes for those years, as permitted by section 1301 of the Internal Revenue Code (U. S. Code, tit. 26, § 1301 [applicable to 1963]). When they sought to do likewise on their State tax returns, the State Income Tax Bureau disallowed their method of computation, ruled that the entire fee was taxable in the year 1963, and assessed them with deficiencies. This result was sustained by the State Tax Commission whose decision was, in turn, confirmed by Special Term. From the combined judgment entered upon Special Term's decision this appeal follows. The sole question presented on this appeal is whether petitioners were entitled to compute their New York State personal income tax liabilities by spreading income received in 1963 over the period of more than six years during which it was earned. We hold that they were not so entitled. While it is conceded that such a procedure was specifically provided for in the Internal Revenue Code for Federal returns, New York has no corresponding provision. Accordingly, petitioners premise their argument upon the principle, embodied in subdivision (a) of section 612 of the Tax Law, of conforming State tax returns to Federal tax returns for purposes of determining taxable income. The weakness of this position, however, is that the relevant Federal provision, former section 1301 of the Internal

Revenue Code, does not affect the determination of what is taxable income, but only how certain income, once determined, shall be taxed. In the words of the statute, it is a "Limitation on tax". We are totally in accord with the holding in *Matter of Alaimo* v. *State Tax Comm.* (69 Misc 2d 484), the only precedent in this State on this precise issue, and conclude that no statute or policy requires the adoption by this State of a provision similar to former section 1301 of the Internal Revenue Code. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.