Paul R. HARRIS, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. 47117.

Supreme Court of Minnesota.

Aug. 19, 1977.

Paul R. Harris, pro se.

Warren Spannaus, Atty. Gen., C. Hamilton Luther, Deputy Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard before ROGOSHESKE, TODD, and PLUNKETT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

The sole issue raised on this appeal by the taxpayer, Paul R. Harris, is the constitutionality of Minn.St. 290.01, subd. 20(a)(8), which denies a moving-expense deduction for Minnesota income tax purposes when a taxpayer moves from Minnesota to another state to pursue new employment. The Tax Court of Appeals upheld the constitutionality of this statute, and we affirm.[1]

In June 1973, the taxpayer moved his residence from Rochester, Minnesota, to Marietta, Georgia, to pursue a new principal place of employment. In filing a joint Federal return for the 1973 taxable year, the taxpayer and his wife were permitted under the Internal Revenue Code, 26 U.S. C.A. § 217, to deduct from their Federal gross income $5,820.88 in moving expenses incurred by relocating to Georgia. When the taxpayer filed his 1973 Minnesota income tax return, he refused to add back the $5,820.88 to his Federal adjusted gross income, as required by Minn.St. 290.01, subd. 20(a)(8), to compute state taxable income.

1. The scope of authority of the Tax Court of Appeals to pass on the constitutionality of state income tax statutes is not raised by the parties to this appeal, and by passing on the merits of this taxpayer's constitutional challenge, we intimate no opinion or decision on that issue.

This refusal to comply with the statutory requirement was based solely on the taxpayer's belief that the statute infringed his Federal constitutional rights. The total refund claimed by the taxpayer and his wife on their joint return was $689.42. Thereafter, the commissioner of revenue by order added the moving expenses to the taxpayer's Minnesota gross income and reduced the amount of the refund claimed to $263.56. The Tax Court of Appeals upheld the constitutionality of § 290.01, subd. 20(a)(8), and affirmed the order of the commissioner. The issue is here for review on a writ of certiorari issued at the instance of the taxpayer.

With respect to individual taxpayers, gross income for Minnesota income tax purposes is defined by § 290.01, subd. 20, as "the adjusted gross income as computed for federal income tax purposes" with specified modifications. Section 290.01, subd. 20(a)(8), represents one of these modifications and provides:

> "(a) Modifications increasing federal adjusted gross income. There shall be added to federal adjusted gross income:
>
> \* \* \* \* \* \*
>
> "(8) In the case of a change of residence from Minnesota to another state or nation, the amount of moving expenses which exceed total reimbursements and which were therefore deducted in arriving at federal adjusted gross income."

Under 26 U.S.C.A. § 217, a Federal taxpayer is entitled to deduct from his adjusted gross income "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."

It is clear that in defining gross income the legislature intended to, and did, modify the effect of 26 U.S.C.A. § 217. When a taxpayer makes a work-connected move from the state, he is not permitted to exclude from Minnesota gross income those moving expenses deductible on his Federal tax return. It is only when a taxpayer makes a work-connected move into Minnesota or within the state that Federally deductible moving expenses may be excluded from state gross income. Although the taxpayer concedes that the commissioner properly applied § 290.01, subd. 20(a)(8), to compute his gross income, he claims on this appeal that the statute violates his penumbral right to travel as well as the commerce clause, the privilege and immunities clause, and the due process and equal protection clauses of the United States Constitution.

The manifest purpose of the moving-expense deduction is to permit a taxpayer to reduce his income by the amounts which are necessarily expended as a prerequisite to earning the income. Since a work-related move to a sister state is a necessary prerequisite to the earning of income in that state, the legislature has determined by § 290.01, subd. 20(a)(8), that a taxpayer's moving expenses are more properly attributable to the generation of income at the new residence. No deduction for moving expenses can therefore be allowed when the taxpayer relocates to a sister state, for Minnesota has no power to tax income that is not earned within its borders.[2] This statutory approach is, moreover, consistent with § 290.10(9), which generally disallows a tax deduction for "[e]xpenses \* \* \* connected with or allocable against the production or receipt of \* \* \* income not included in the measure of [Minnesota income tax]."[3]

---

**2.** Much the same reasoning has been used by the Federal courts in construing 26 U.S.C.A. § 217. While this section obviously has no effect on interstate moves, the courts have held that when a taxpayer moves to a foreign country any expenses incurred are not deducted from earnings taxable by the United States. The justification for this position is that mov-

ing expenses are allocable to earnings generated at the foreign location. See, *Hartung v. Commissioner,* 484 F.2d 953 (9 Cir. 1973), reversing, 55 T.C. 1 (1970); Chommie, Federal Income Taxation, § 54.

**3.** Historically, moving expenses to out-of-state locations were disallowed as a deduction under

■ Of the numerous constitutional challenges made by the taxpayer, the most significant is his claim that § 290.01, subd. 20(a)(8), violates the due process and commerce clauses of the Federal constitution. Before a state may constitutionally tax the generation of income, the due process clause of the Fourteenth Amendment requires that there be a sufficient nexus between the state and the income-producing activity. *Wisconsin v. J. C. Penney & Co.* 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940). Taxation by the state must also not violate U.S.Const. art. I, § 8, by imposing an unreasonable burden on the flow of interstate commerce. *Evansville-Vanderburgh Airport Authority v. Delta Airlines,* 405 U.S. 707, 92 S.Ct. 1349, 31 L.Ed.2d 620 (1972). When a state apportions its tax on interstate commerce to only those activities occurring within its borders, the required nexus is present, and the tax does not unconstitutionally impede interstate commerce. *Northwestern States Portland Cement v. Minnesota,* 358 U.S. 450, 79 S.Ct. 357, 3 L.Ed.2d 421 (1959).

■ In the present case, we find no nexus between this state and the taxpayer's income-producing activity in the State of Georgia. We are therefore persuaded that the due process clause did not require Minnesota to allow the taxpayer a moving-expense deduction against income over which it had no power of taxation. We further hold that the practical effect of § 290.01, subd. 20(a)(8), has imposed no unreasonable barrier to interstate commerce. Ga.Code § 92–3107 (1975), which also defines state taxable income as Federal adjusted gross income subject to certain modifications, permitted the taxpayer to deduct his moving expenses when he filed his Georgia income tax return. While art. I, § 8, prohibits a state from impeding interstate commerce, it does not require a state to encourage commerce by allowing a taxpayer to take multiple moving-expense deductions.

■ Equally untenable is the taxpayer's contention that § 290.01, subd. 20(a)(8), denies him equal protection of the law guaranteed by the Fourteenth Amendment. The Supreme Court has traditionally held that the power of a state to tax is "of wide range and flexibility." *Louisville Gas & Electric Co. v. Coleman,* 277 U.S. 32, 37, 48 S.Ct. 423, 425, 72 L.Ed. 770, 774 (1928). While legislative classifications may not be arbitrary, they will not be struck down if based on real and substantial differences. *Quaker City Cab Co. v. Commonwealth of Pennsylvania,* 277 U.S. 389, 402, 48 S.Ct. 553, 555, 72 L.Ed. 927, 930 (1928). To sustain a constitutional attack on a statutory classification affecting solely economic interests, the state need only show a rational basis for treating one class of taxpayers differently from another. See, *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Blue Earth County Welfare Dept. v. Cabellero,* 302 Minn. 329, 225 N.W.2d 373 (1974); *Schwartz v. Talmo,* 295 Minn. 356, 205 N.W.2d 318, appeal dismissed, 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973).

■ We hold that Minnesota has a rational basis for denying a moving-expense deduction to that class of taxpayers who leave the state to generate income elsewhere, for these moving expenses are more properly allocable against income earned at the new principal place of business. Nor can the taxpayer hypothetically argue that § 290.01, subd. 20(a)(8), discriminates against those persons who leave Minnesota at the end of the taxable year and are thereby deprived of taking full advantage of the moving-expense deduction in their new state of residence. Any diminution in deductible expenses arising from this situation is the result of the annual assessment of taxes and is no more unconstitutional than the disallowance of an additional exemption to the parents of a dependent child inopportunely born on January 1 of the next tax year. For similar reasons, we also hold that the legislature has not unreasonably abridged the taxpayer's right under art. IV, § 2, to the privileges and immunities afforded the citizens of Minnesota. See,

§ 290.10(9). It was not until 1971 that § 290.01, subd. 20(a)(8), was enacted, which essentially ratified what had been administrative practice up to that time. L.1971, c. 206.

*Maxwell v. Bugbee,* 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed. 1124 (1919).

Finally, the taxpayer cannot legitimately argue that § 290.01, subd. 20(a)(8), violates his constitutionally protected right to travel. We have previously held in *Davis v. Davis,* 297 Minn. 187, 210 N.W.2d 221 (1973), that this penumbral right can ordinarily only be infringed when the state has a rational basis for doing so. Without hesitation, we find that Minnesota has such a rational basis in disallowing deductions for expenses attributable to income over which it had no right to impose a tax. We are also unpersuaded that the disallowance of a moving-expense deduction from Minnesota gross income has significantly chilled the taxpayer's constitutional right to move to a new principal place of employment.

Affirmed.