■ In the Matter of MICHAEL J. GOLDEN et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained a notice of deficiency. Petitioners are nonresidents, formerly employed in this State, who contest a determination by respondent Tax Commission which disallowed a deduction on their 1974 income tax return of the amount expended in moving from New Jersey, their resident State, to New Mexico. Petitioners contend that section 632 of the Tax Law violates section 2 of article IV of the United States Constitution, by allowing moving expenses as a deduction to residents but not to nonresidents. They also contend that respondent's determination is contrary to law. It is well settled that a taxpayer's claim for a deduction must rest upon applicable State tax law in effect for the year when the deduction was claimed, and that the burden of proof to overcome a tax assessment rests upon the taxpayer. Further, if there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195). A taxpayer claiming a deduction must be able to point to an applicable statute and show that he comes within it (*id.,* at p 197). "Although the New York State income tax scheme is patterned after the Federal income tax, there are a number of items * * * which are deductible under the Federal income tax law, but not under the State income tax law" (*Matter of Berardino v New York State Tax Comm.,* 78 AD2d 936). It would, therefore, appear that respondent's determination was rational and neither arbitrary nor capricious. Since respondent properly applied the statute, its determination should not readily be disturbed (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196, *supra; Matter of Jablin v State Tax Comm.,* 65 AD2d 891). The privileges and immunities clause of article IV of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." (US Const, art IV, § 2, cl 1.) Cases interpreting this clause have originated in a panoply of factual situations ranging from statutes prohibiting shrimp fishing by nonresidents in coastal waters (*McCready v Virginia,* 94 US 391) to limiting the performance of abortions in Georgia to residents only (*Doe v Bolton,* 410 US 179). The modern rule, evolved in *Toomer v Witsell* (334 US 385), does not bar disparity of treatment where perfectly valid reasons for it exist, but does prohibit discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. The rule of *Toomer* is known as the "substantial reason" test. The issue raised by petitioners is not a new one. In *Shaffer v Carter* (252 US 37), the United States Supreme Court upheld an Oklahoma statute taxing a nonresident's income

earned within that State. The Oklahoma Income Tax Law allowed residents to deduct from gross income losses incurred both within and without the State, but limited deduction of losses sustained by nonresidents solely to those incurred in Oklahoma. In upholding the constitutionality of that statute, the court said the nonresident was not treated more onerously than the resident because nonresidents were taxed only on income earned within the State, hence there was no obligation to allow deductions for losses incurred elsewhere. In *Travis v Yale & Towne Mfg. Co.* (252 US 60, decided simultaneously with *Shaffer v Carter* on March 1, 1920), the Supreme Court held that a portion of the New York Tax Law allowing personal exemptions to residents and their dependents, while denying such exemptions to nonresidents, was discriminatory, and would not be sustained. The court, looking to "the concrete, the particular incidence" of the tax, held "[t]his is not a case of occasional or accidental inequality due to circumstances personal to the taxpayer [citations omitted]; but a general rule, operating to the disadvantage of all non-residents * * * and favoring all residents" (*id.,* at pp 80-81). This infirmity was cured by legislative enactment of an amendment to the statute that same year (see L 1920, ch 191). In *Austin v New Hampshire* (420 US 656), the Supreme Court held unconstitutional a New Hampshire commuter's income tax which fell exclusively on the income of nonresidents and which was not offset even approximately by other taxes imposed on residents alone. The constitutional argument advanced by petitioners is persuasive. Initially, we note that absolute equality is not a requisite under the privileges and immunities clause of the United States Constitution (*Toomer v Witsell,* 334 US 385, 396, *supra*), nor does the clause preclude disparity of treatment in many situations where there are perfectly valid independent reasons for it. As in *Matter of Goodwin v State Tax Comm.* (286 App Div 694, 701, affd 1 NY2d 680, app dsmd 352 US 805), the constitutional issue in this case arises from the fact that New York State allows certain deductions by its residents but does not allow the same deductions by nonresidents. The question in this case is, therefore, "whether the distinction between residents and nonresidents is a reasonable one, based upon 'valid independent reasons' " (*Matter of Goodwin v State Tax Comm.,* 286 App Div 694, 701, *supra*). In *Goodwin,* this court expressly found that the deductions in question represented various State policies and that the factor of residence had a legitimate connection with the allowance of the deductions since the governmental policies underlying the deductions were "peculiarly related to the factor of residence within the State" (*Matter of Goodwin v State Tax Comm., supra,* p 702). These State policies were found to provide a sufficient "independent reason" to allow New York to offer the deduction to residents but not to nonresidents. We are unable to find that such an independent reason exists here. The purpose behind the moving expense deduction is to permit a taxpayer to reduce his income by the amounts which are necessarily expended as a prerequisite to earning the income, and, generally, when the move is to another State, these expenses should be allocable to earnings generated at the new location (*Harris v Commissioner of Revenue,* 257 NW2d 568, 570 [Minn]). That a deduction for the expense of moving to another State is unrelated to the fact of employment in New York was as much as admitted by the Tax Commission when it denied petitioners' deduction on the ground that it was not a deduction "derived from or connected with a business, trade, profession or occupation carried on in New York State". Moreover, unlike the situation presented in *Goodwin,* there are no policies "peculiarly related to the factor of residence within the State" present here (*Matter of Goodwin v State Tax Comm., supra,* p 702). Indeed, the only conceivable policy related to State residents served by allowing interstate moving expenses as a deduction is to

aid residents who move out of State. Clearly, this is not connected in any way with life in New York. Consequently, the sole reason petitioners were denied the deduction was that they were nonresidents. The determination, therefore, violates the privileges and immunities clause, and must be annulled. It is unnecessary for us to reach petitioners' remaining arguments. Determination annulled, without costs, and matter remitted to the New York State Tax Commission for further proceedings not inconsistent herewith. Sweeney, Kane and Weiss, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to confirm the determination and dismiss the petition in the following memorandum by Levine, J. Levine, J. (dissenting). The majority concedes that in disallowing a deduction for petitioners' expense in moving their residence from New Jersey to New Mexico, respondent correctly applied the provisions of subdivision (b) of section 632 of the Tax Law, since the expense was not "attributable" in either to "the ownership of any interest in * * * property in this state" or to "a business, trade, profession or occupation carried on in this state". The majority nevertheless invalidates the application of the statute to petitioners' expenses of moving from one out-of-State residence to another under the privileges and immunities clause of the United States Constitution. The majority's reasoning appears to be that since moving expenses are not particularly related either to residence or activities within the State, there is no rational basis for allowing the deduction to a New York resident and not to a non-New York resident. Under our reading of *Shaffer v Carter* (252 US 37) and *Travis v Yale & Towne Mfg. Co.* (252 US 60), the two landmark United States Supreme Court cases on discriminatory State taxation under the privileges and immunities clause, the majority's correct determination that petitioners' moving expenses are not in any way attributable to any New York income-producing source or activity effectively forecloses any constitutional objections to the disallowance of such expenses as a deduction. *Shaffer* and *Travis* hold that the *quid pro quo* of limiting taxation of nonresidents solely to their income from New York-based property or activities is a sufficient constitutional basis for limiting deductions of such nonresidents solely to expenses derived from such New York sources. Indeed, *Travis* explicitly upheld the very same statutory limitation of deductions to those arising out of New York income-producing activities and property involved here, when, in referring to *Shaffer,* it held: "That there is no unconstitutional discrimination against citizens of other States in confining the deduction of *expenses,* losses, etc., in the case of non-resident taxpayers, to such as are connected with income arising from sources within the taxing State, likewise is settled by that decision" (*Travis v Yale & Towne Mfg. Co., supra,* pp 75-76) (emphasis added). Thus, out-of-State residence, coupled with taxation solely of in-State income of the nonresident, overcomes any privileges and immunities clause objection, even in the "case of occasional or accidental inequality due to circumstances personal to the taxpayer" (*id.,* at p 80). The rough equality of the tax treatment that the Constitution requires comes from the fact that New York residents are taxed on all sources of income, while out-of-Staters are taxed on only their New York sources. Thus, the majority opinion in *Austin v New Hampshire* (420 US 656) expressed the decisive reason for invalidating the "Commuters Income Tax" as follows: "The overwhelming fact, as the State concedes, is that the tax falls exclusively on the income of nonresidents; *and it is not offset even approximately by other taxes imposed upon residents alone*" (*id.,* at p 665)(emphasis added).* Whatever confusion existed concerning the validity of disallowance of deductions for personal

* In this regard, it should be noted that New Jersey, during the taxable year in question, did not impose an income tax on its residents. Allowing them deductions for

expenses unrelated to New York income-producing sources such as involved here should have finally been laid to rest by our decision in *Matter of Goodwin v State Tax Comm.* (286 App Div 694, affd 1 NY2d 680, app dsmd 352 US 805). There, just as here, a New Jersey taxpayer derived *all* of his income from the practice of law in New York State. In *Goodwin,* the taxpayer objected not only to the disallowance of his New Jersey real property taxes, as alluded to in the majority's decision, but also to the disallowance of deductions for interest payments, medical expenses, and life insurance premiums, all of which were properly deductible by New York residents. We held in *Goodwin* that such disparate treatment was entirely valid because expenses arising out of a taxpayer's personal activities "must be regarded as having taken place in the State of New Jersey, the State of his residence" (*Matter of Goodwin v State Tax Comm.,* 286 App Div 694, 701, *supra*). The payment of life insurance premiums, interest charges, and medical expenses, no matter where incurred, by a New York resident are as unrelated to the factor of residence as that of moving expenses. *Goodwin* does not require us to pick and choose among allowable personal deductions to find some elusive social policy basis related to the factor of residence in order to justify the different tax treatment, as the majority suggests. The majority appears to find decisive the absence of any domestic social policy to justify tax relief for the expenses of moving from New York to another State. However, the moving expense deduction for State residents does not require moving out of the State and would apply to virtually all moves wholly within the State (US Code, tit 26, § 217, subd [c], par [1] [35-mile limitation on· moving expense deduction]). Thus, there still remains no discernible distinction on the basis of social policy between the moving expense personal deduction at issue here and the deductions involved in *Goodwin.* The only other way to apply the majority's social policy rationale would be to limit its invalidation of different tax treatment to cases involving *interstate* moving expenses (where no social policy exists), but not intrastate moving expenses (where a social policy relating to residence may exist). The Constitution does not require such fine tuning in State tax statutes. As stated in *Austin v New Hampshire* (420 US 656, 661, *supra*): "In resolving constitutional challenges to state tax measures this Court has made it clear that 'in taxation, even more than in other fields, legislatures possess the greatest freedom in classification' ". For·all of the foregoing reasons, the determination should be confirmed and the petition dismissed.

personal expenses will thus not equalize treatment, but will give many such out-of-State residents a tax advantage over comparable New York residents.