OPINION OF THE COURT
Jasen, J.
We are asked to decide whether the determination of the State Tax Commission denying nonresident taxpayer an income tax deduction to which a resident taxpayer is entitled for payment of alimony conforms with the State’s tax policy (Tax Law, § 632, subd [a], par [1]; § 635, subd [c], par [1]).
During the tax year 1979, petitioner, Lance Friedsam, was a resident of Connecticut and employed by the International Business Machines Corporation (IBM) in White Plains, New York. Petitioner’s total compensation from IBM was $61,750, of which $52,710 was considered to be derived from employment duties performed in New York. Petitioner’s total income for the tax year 1979 was $65,836, which was based upon the IBM salary ($61,750), earned interest income ($4,577), and a capital loss ($491). In July 1979, petitioner was divorced from his wife, who, *79 along with their three children, were residents of Connecticut. In 1979, petitioner paid alimony of $10,417 pursuant to a Connecticut divorce decree.
Petitioner timely filed a New York State Income Tax Nonresident Return (Form IT-203) for 1979, and in computing his New York adjusted gross income modified his Federal adjusted gross income, as required by section 632 (subd [a], par [1]) of the Tax Law, so as to take credit for alimony paid only in the same proportion as was represented by the New York portion of his IBM salary, to wit: $7,813. The State Income Tax Audit Division disallowed the alimony deduction of $7,813 ruling that it did not relate to the production of New York income. Subsequently, petitioner appealed the ruling to the State Tax Commission contending that the disallowance of his 1979 alimony adjustment violated his constitutional rights under the privileges and immunities clause (US Const, art IV, cl 2) and his statutory right to substantial equality in taxation under section 635 (subd [c], par [1]) of the Tax Law, since residents of New York were entitled to deduct their alimony payments.
The State Tax Commission, characterizing the $7,813 adjustment of gross income as a deduction, disallowed it. The majority of the Commission concluded that “alimony is not a deduction attributable to petitioner’s profession carried on in this state, within the meaning of Tax Law section 632(b)(1)(B)” and, therefore, not a proper adjustment to income in computing petitioner’s New York adjusted gross income.
Upon disallowance of the alimony adjustment, petitioner commenced an article 78 proceeding to annul the determination. Special Term, Albany County, granted petitioner’s application and held that because a resident is allowed alimony paid as an adjustment against income while a nonresident is not, the difference in treatment, without a substantial reason, was violative of the privileges and immunities clause of article IV. In affirming the judgment of Special Term, the Appellate Division, Third Department, held respondent’s contention, that the disparate treatment of nonresident petitioner was justified by the “personal” nature of the alimony deduction, to be without merit. While we now affirm the order of the Appellate Division, we do so upon statutory, not constitutional, grounds.
We begin our analysis by recognizing that section 215 of the . Internal Revenue Code of 1954 provided that alimony payments by a taxpayer to his former wife are deductible from his gross income. (26 USC §§ 71, 215.) When New York passed its personal income tax effective April 18, 1960, the Legislature provided:
*80 “that the adoption by this state for its personal income tax purposes of the provisions of the laws of the United States relating to the determination of income for federal income tax purposes will (1) simplify preparation of state income tax returns by taxpayers, (2) improve enforcement of the state income tax through better use of information obtained from federal income tax audits, and (3) aid interpretation of the state tax law through increased use of federal judicial and administrative determinations and precedents.
“The legislature does therefore declare that article twenty-two be construed so as to accomplish the foregoing purposes.” (Historical Note, McKinney’s Cons Laws of NY, Book 59, p 262.) Beyond that declaration, the Legislature provided a statutory mandate to assure conformity: “Any term used in this article shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required.” (Tax Law, § 607.)
Section 632 of the New York Tax Law defines New York adjusted gross income for nonresidents as follows:
“(a) General. The New York adjusted gross income of a nonresident individual shall be the sum of the following:
“(1) the net amount of items of income, gain, loss and deduction entering into his federal adjusted gross income, as defined in the laws of the United States for the taxable year, derived from or connected with New York sources * * *
“(b) Income and deductions from New York sources.
“(1) Items of income, gain, loss and deduction derived from or connected with New York sources shall be those items attributable to:
* * *
“(B) a business, trade, profession or occupation carried on in this state”. (Tax Law, § 632.)
Section 635, which deals with deductions from adjusted gross income, provides that a nonresident can deduct from his New York adjusted gross income an itemized deduction which is either the same as or an allocated percentage of the itemized deduction provided for residents in section 615. Residents are permitted to deduct from their New York adjusted gross income the itemized deductions claimed on their Federal tax returns, which includes alimony, subject to various modifications not relevant here. (Tax Law, § 615.) Alimony had traditionally been deemed an itemized deduction on Federal income tax returns.
*81 The problem of disparate treatment of nonresidents addressed by the Commission was derived from the Federal enactment of the Tax Reform Act of 1976 (PL 94-455). By this Act, the alimony deduction was changed from an “itemized deduction” to a “deduction” of income in determining adjusted gross income, so that alimony payment would benefit taxpayers who take the standard deduction, as well as those who itemize their deductions. (26 USC § 62 [13]; see US Code Cong & Admin News, 1976, p 2908.)
This liberalized Federal policy automatically inured to the benefit of New York residents on their New York tax returns because the starting point for a resident is his Federal adjusted gross income which affords him the benefit of an alimony payment offset whether reported as an “itemized deduction” or as a “deduction” from adjusted gross income. There was no State legislative response to this liberalized Federal policy and the Legislature gave no indication whatsoever that either New York’s historical policy of following Federal tax policy, or its long-standing treatment of alimony vis-a-vis nonresidents was to be changed in any respect.
Nevertheless, the Tax Commission disallowed petitioner’s alimony adjustment to his adjusted gross income on the ground that it was unrelated and unconnected to New York sources of income. We hold that the Commission’s determination supporting a disparate tax classification between resident and nonresident taxpayer is contrary to statute and tax policy of this State. Petitioner has sought an alimony “deduction” proportional to the ratio of his New York income derived from all sources. The amount by which petitioner reduced adjusted gross income for his alimony payment was commensurate with the income derived from New York sources, and was consistent with the reduction allowed to residents under similar circumstances. The conclusion is inescapable that in disallowing petitioner’s alimony deduction the Tax Commission improperly applied section 632 (subd [a], par [1]) of the Tax Law and failed to apply section 635 (subd [c], par [1]) of the Tax Law. The passage of section 635 (subd [c], par [1]) reflected a policy decision “that nonresidents be allowed the same non-business deductions as residents, but that such deductions be allowed to nonresidents in the proportion of their New York income to income from all sources.” (Murphy and Petite, Taxation of Nonresidents by New York State, 12 Syracuse L Rev 147,161-162; see, also, Memorandum of Governor, L 1961, ch 68, NY State Legis Ann, 1961, p 398.) This salutary policy of substantial equality, embodied in section *82 635 (subd [c], par [1]) of the Tax Law, serves to invalidate the challenged determination of the State Tax Commission.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs.