OPINION OF THE COURT
Simons, J.
The issue on these appeals is whether the Federal tax benefit rule applies to exclude State and local income taxes when computing New York items of tax preference subject to New York minimum income tax under Tax Law §§ 622 and 623 for *15 the tax years 1976 and 1977. We hold that it does and reverse the order of the Appellate Division in each proceeding.
New York State imposes a “minimum income tax” on the New York “minimum taxable income” of every individual, estate or trust (Tax Law § 601-A).[1] Its purpose is to limit the ability of high income taxpayers to avoid any tax burden through various tax shelters by requiring such taxpayers to pay a tax on certain “items of tax preference” from which they benefit. Thus, the minimum income tax is the sum of the “items of tax preference” reduced by specified amounts (Tax Law § 622 [a]). The term “items of tax preference” is defined as “the federal items of tax preference”, subject to certain modifications found in the State statute (Tax Law § 622 [b]). In 1976 and 1977, the years at issue in these proceedings, the statute did not modify the Federal rule which included deductions for State and local income taxes as items of tax preference to be included in the minimum tax computations.[2] Nevertheless, petitioners did not include their deductions for New York State and city income taxes in computing their New York State and city minimum income tax for those years and thereby diminished their minimum income tax liability. They did so claiming they had received no State tax benefit from the payments because the payments were not deductible on the State tax returns. The State Department of Taxation sent petitioners notices of deficiency stating that the Tax Law “does not currently allow a modification to be made for State and local income taxes in the computation of New York items of tax preference.” Following a hearing in the Hunt case and after review of submissions in Marx and Ross, respondent State Tax Commission sustained the notices of deficiency and ruled that petitioners incorrectly computed their New York items of tax preference subject to New York minimum tax.
These article 78 proceedings seek review of respondent’s determinations. Petitioners contend that the imposition of the *16 New York minimum tax on the itemized deduction for State and local income taxes was contrary to law because they received no New York income tax benefit as a result of their payment of New York income taxes and this violated the Federal tax benefit rule applicable to the computation of New York taxes through the conformity principle (see, Tax Law § 607 [a]; see also, Tax Law § 622 [b]). In Marx and Hunt, Special Term annulled respondent’s determination, concluding that the deductions used in the computation of minimum income tax at the Federal level must be permitted under State law as a matter of fundamental fairness. In Ross, Special Term dismissed the petition holding that there was no recognized legal basis to exclude the deduction for State and local taxes from the computation of State items of tax preference subject to the minimum tax. The Appellate Division held against the taxpayers, reversing in Marx and Hunt and affirming in Ross. It held that the tax benefit rule does not apply for New York minimum tax purposes because of the existence of specific provisions in our statute modifying Federal items of tax preference which do not include the tax benefit rule for city or State taxes. It held that these provisions of Tax Law § 622 (b) (2)-(4) are exclusive and indicate that the Legislature did not intend general application of the tax benefit rule for New York minimum tax purposes.
In 1960, New York revised its personal income tax law to achieve close conformity with the Federal system of income taxation. The purpose of the revision was to simplify tax preparation, improve enforcement, and aid interpretation of tax law provisions (see, Matter of Friedsam v State Tax Commn., 64 NY2d 76, 79-80). In doing so, the Legislature provided that: “Any term used in this article shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required” (Tax Law § 607 [a]). Subsequently, in 1969, the Federal Government enacted a minimum tax and New York adopted a similar tax in 1970 (Pub L 91-172, tit III, § 301 [a], 83 US Stat 581; L 1970, ch 1005, § 10). In 1976 the Federal Government enacted a new item of tax preference used in computing the minimum tax — “excess itemized deductions” — defined as a taxpayer’s itemized deductions which exceed 60% of his adjusted gross income (26 USC § 57 [a] [1]; [b] [1]). For the years in question, State and local taxes were a Federal itemized deduction (26 USC § 164). Thus, in applying the Federal minimum tax, petitioners were taxed on the deductions they had claimed for State and local taxes because they had received a *17 corresponding benefit for those items in the form of reductions in their Federal adjusted gross income. Under New York law this item was included as a tax preference item subject to the minimum tax by principles of conformity although taxpayers received no benefit from it because they could not deduct State and local taxes on their State returns. They thus paid a minimum tax to the State based in part on taxes previously paid to the State. Petitioners contend that to avoid this inequity the Federal tax benefit rule should be applied to New York’s tax assessments, through principles of conformity, and that the application of that rule authorizes the exclusion of the State and local taxes they paid from petitioners’ Federal tax preference items used in computing New York minimum tax.
The tax benefit rule is found in section 58 (h) of the Internal Revenue Code (26 USC § 58 [h]). It provides that the Secretary of the Treasury shall prescribe regulations “under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer’s tax under this subtitle for any taxable years.” Inasmuch as Tax Law § 607 (a) provides that all present and future provisions of the Federal income tax laws shall be incorporated in our tax laws this Federal tax benefit rule applies to the computation of petitioners’ New York minimum tax for the years in question, unless the Commissioner’s failure to promulgate regulations on the Federal level renders section 58 (h) nugatory or, as the Appellate Division held, the existence of specific provisions of the State law modifying Federal items of tax preference manifests the Legislature’s intention to exclude application of the Federal tax benefit rule.
Contrary to respondent’s contention, the tax benefit rule found in section 58 (h) is not a rule to be applied administratively to Federal taxes. The statute was given full effect by the United States Tax Court in Occidental Petroleum Corp. v Commissioner (82 USTC 819, 829), notwithstanding the failure to promulgate regulations interpreting it, when it held that: “the failure to promulgate the required regulations can hardly render the new provisions of section 58(h) inoperative * * * Congress could hardly have intended to give the Treasury the power to defeat the legislatively contemplated operative effect of such provisions merely by failing to discharge the statutorily imposed duty to promulgate the required regulations [footnote omitted]. As already indicated, we must give effect to these provisions in the absence of regulations” (82 USTC, at p 829).
*18 Furthermore, the Internal Revenue Service regularly issues letter rulings applying the tax benefit rule (see, e.g., Letter Ruling 7913008 [Dec. 13, 1978] [involving taxable year 1978]; Letter Ruling 7938005 [May 11, 1979] [involving taxable year 1976]; Letter Ruling 8102015 [Sept. 29,1980] [involving taxable year 1977]).
Addressing the rationale adopted by the Appellate Division to sustain the respondent’s determination, we hold that the existence of specific provisions modifying Federal items of tax preference found in Tax Law § 622 (b) (2)-(4) does not indicate an intent by the Legislature to exclude application of the tax benefit rule. Section 622 (b) (2)-(4), which incorporates the Federal definition of items of tax preference, was enacted at various times between 1970 and 1972 and there was no further amendment to it until 1981. The tax benefit rule did not enter into the calculation of items of tax preference for Federal purposes until the enactment of section 58 (h) of the Internal Revenue Code in 1976. Thus, it cannot be presumed that the Legislature intended that its 1970-1972 provisions would control an issue that did not exist when they were enacted and only arose after the adoption of the subsequent Federal legislation. Moreover, the three modifications to the Federal definitions specified in Tax Law § 622 (b) (2)-(4) are instances in which the New York income tax differs from the Federal income tax and were apparently enacted to make appropriate adjustments to the New York minimum tax to reflect these differences in regular income tax treatment.
The interpretation of the statute is also supported by the strong principle of conformity we confirmed recently in Matter of Friedsam v State Tax Commn. (64 NY2d 76, supra). In that case, the Tax Commission denied petitioner, a nonresident taxpayer, an alimony credit to reduce his adjusted gross income although New York residents were allowed it. The Commission viewed the adjustment as a personal expense unrelated to the production of the New York income and therefore not deductible (see, Tax Law § 632 [b] [1] [B]). We held that such disparate treatment of nonresidents violated the State’s tax policy of substantial equality embodied in Tax Law § 635 (c) (1). Central to our holding was a recognition that alimony payments were deductible under Federal law and that the Federal rule “automatically inured” to petitioner’s benefit under the principle of conformity.
We also applied the principle of conformity in Matter of Kreiss v State Tax Commn. (61 NY2d 916) but in that case it resulted in the denial of a benefit to petitioners. Petitioners in Kreiss reported a capital gain of $40,000 on their 1974 Federal and State income tax returns resulting from the sale of three taxicab *19 medallions. Three years later, as a result of litigation contesting ownership rights to the medallions, petitioners were required to pay part of that sum to others and ultimately realized a capital gain of only $16,700. They filed amended State and Federal tax returns to claim refunds for the 1974 overpayment. The Federal claim was disallowed because the 1974 income was correctly reported. A Federal refund was permitted, however, under the “claim of right” doctrine (see, 26 USC § 1341). The State Tax Commission also disallowed amendment of petitioners’ 1977 return because their adjusted gross income for 1974 was correctly reported. The State did not permit a refund under the claim of right statute because section 1341 was a unique provision of Federal law which did not change petitioners’ Federal adjusted gross income for 1974. The Appellate Division reversed the Commission and granted petitioners’ relief holding that strict application of the conformity principle would produce an inequity inasmuch as petitioners overpaid their 1974 tax and were not permitted a deduction in 1977. This court reversed and reinstated the State Tax Commission’s determination. We held that the principle of strict conformity applied with the result that petitioners’ adjusted gross income reported on their 1974 Federal income tax return matched the State return insofar as both reflected the $40,000 capital gain and that the refund petitioners obtained under the Federal claim of right statute did not mandate a refund under State law because the Federal statute was a procedural mechanism to recoup taxes having no New York counterpart. Unlike the provisions here and in Friedsam which concern State and Federal tax provisions directly related to the computation of income, the claim of right doctrine concerns ultimate tax liability (see, Bonney v State Tax Commn., 43 AD2d 879, lv denied 34 NY2d 515; Matter of Alaimo v State Tax Comma., 69 Misc 2d 484). Thus, more than the general incorporation language of Tax Law § 607 was required to grant the taxpayers in Kreiss relief for the State overpayment.
Accordingly, in each proceeding the order of the Appellate Division is reversed, with costs, petition granted, determination of the State Tax Commission annulled and matter remitted to the Supreme Court, Albany County, with directions to remand to the Tax Commission for redetermination of petitioners’ tax liability.
Judges Jasen, Meyer, Kaye, Alexander and Kane* concur; Chief Judge Wachtler taking no part.
In each case: Order reversed, etc.

. Petitioners Hunt and Winkelman are contesting only the inclusion of the State tax deduction for 1976. A comparable provision for a minimum income tax is set forth in chapter 46, title T of the Administrative Code of the City of New York and petitioners Ross and Marx are contesting not only the State but also city deductions for 1976 under these code provisions. Petitioner Marx is contesting State and city deductions for 1977 also. In addressing the issues presented, unless otherwise specified, all references to particular sections of article 22 of the Tax Law should be deemed references, although uncited, to comparable provisions of title T of the Administrative Code.

. Tax Law § 622 (b) (5) was added in 1980 and applies to tax years beginning after December 31,1979. The amendment adds a further modification to items of tax preference involving the Federal deduction for State and local income taxes (L 1980, ch 669, § 1). That amendment is not applicable to the proceedings before us.

 Designated pursuant to NY Constitution, article VI, § 2.