■ In the Matter of JAMES F. TAO et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner James F. Tao[1] finds fault with a determination of respondent, made following a formal hearing, that $41,085.69[2] paid by petitioner's corporate employer to reimburse him for relocation expenses, incurred in moving from Connecticut to Rochester, to assume a new position with the same employer, was attributable to his new work location and thus subject to taxation by New York. Included among the expenses reimbursed to petitioner, while still a nonresident of New York, were direct moving costs, property taxes paid on petitioner's

---

1. James F. Tao's wife, Dorothy S. Tao, is also a petitioner in this proceeding by virtue of the filing of a joint State income tax return with her husband. For ease of reference only, Mr. Tao is denoted as "petitioner".

2. Petitioner does not contest that he owes State taxes on $4,361.20 of this total, which his employer paid him for State tax assistance.

Connecticut home and brokerage fees incurred in selling that home.

The principal focus of a hearing had in this matter on April 26, 1984 was petitioner's then-disputed contention—eventually adopted by respondent—that petitioner was a nonresident of New York prior to April 16, 1979, when he and his family moved from Connecticut to their newly constructed Rochester home. At that hearing, the attorney for the Audit Division of the Department of Taxation and Finance indicated that if it was determined that petitioner was not a New York resident until April 1979, the issue of whether the relocation payment was taxable nevertheless remained to be resolved. When petitioner objected to consideration being given to this "subsidiary issue" because of his lack of notice and resultant inability to prepare to meet it, the Hearing Officer adjourned the matter until May 25, 1984 to enable petitioner to do so. Petitioner maintains that hearing was conducted in violation of his due process rights and an undisclosed provision of the State Administrative Procedure Act. We confirm respondent's determination.

As to whether relocation payments made to petitioner are subject to taxation as income "connected with New York sources" (Tax Law § 632 [b] [1] [B]), in *Matter of Golden v Tully* (88 AD2d 1058, *affd* 58 NY2d 1047) this court confronted an analogous situation, namely the allocation of tax deductions for unreimbursed interstate moving expenses attributable to employment, and it was concluded that the deductions were to be taken at the situs of the new employment. It was observed that "[t]he purpose behind the moving expense deduction is to permit a taxpayer to reduce his income by the amounts which are necessarily expended as a prerequisite to earning the income, and, generally, when the move is to another State, these expenses should be allocable to earnings generated at the new location" *(id.,* p 1059). We have not been made aware of any compelling reason why a reimbursement payment for moving expenses, attributable to employment, which in our view is conceptually similar to moving expense deductions ascribable to that employment, should be treated any differently. Moreover, it is not without significance that under the Federal scheme of taxation, reimbursement payments of this nature to those assigned to overseas employment have been viewed as gross income earned at the new place of employment and hence not includable in Federal gross income *(see, Hughes v Commissioner of Internal Revenue,* 65 USTC 566, 572).

Nor is there substance to petitioner's charge that he was not accorded due process because the Hearing Officer entertained the subissue of whether payment received by petitioner for his relocation expenses was taxable. As already mentioned, the first hearing was adjourned to afford petitioner an opportunity to ready himself to address this contention, which was not expressly raised in the answer of the Department of Taxation and Finance. At the second hearing, over petitioner's objection, the Department sought to amend the answer to include this issue. The Hearing Officer reserved on petitioner's objection, but received evidence thereon. Respondent's decision, reached on the ground that no prejudice accrued to petitioner from doing so since he was on either constructive or actual notice of this issue from the outset of this controversy, has a basis both in the record and the clear language of 20 NYCRR 601.6 (c), and, given the further fact that a continuance was granted, should not be disturbed.

Other claimed procedural infirmities complained of which bear comment, i.e., that the decision herein was rendered by respondent and not the Hearing Officer and that the factfinding process lacked integrity because the Hearing Officer and the agents for the Department had predetermined the amount of petitioner's tax deficiency, also are lacking in merit. It is enough to note that Tax Law § 689 (a) invests respondent with authority to designate a Hearing Officer to receive evidence and for the decision to be rendered by the collective body of the Tax Commission, and that the complicity claim is simply not borne out by the record.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.