[639 NYS2d 519]

In the Matter of CHRISTOPHER H. LUNDING et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, March 14, 1996

## APPEARANCES OF COUNSEL

*Christopher H. Lunding,* New York City, petitioner *pro se,* and for Barbara J. Lunding, petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrew Bing, Nancy A. Spiegel* and *Daniel Smirlock* of counsel), for Commissioner of Taxation & Finance, respondent.

## OPINION OF THE COURT

PETERS, J.

Petitioner Christopher H. Lunding (hereinafter Lunding), a partner in a New York City law firm, derived substantial income in this State during 1990 from his practice of the legal profession. As Connecticut residents, petitioners timely filed a joint nonresident New York State personal income tax return.

Thereon, petitioners included $108,000 of alimony reported to have been paid during the relevant time by Lunding to his former spouse, also a Connecticut resident. Concluding that 48.0868% of such alimony, equaling $51,934, represented the amount of business income derived from or connected with this State, petitioners sought a deduction on their tax return for that portion of alimony. In March 1992, the Audit Division of the Department of Taxation and Finance (hereinafter the Division) disallowed the $51,934 deduction and issued a notice of deficiency to petitioners on the basis of Tax Law § 631 (b) (6),

which provides that nonresidents may not take the alimony deduction authorized by the Internal Revenue Code (*see*, 26 USC § 215). Hence, petitioners' tax liability was increased by $3,724, plus interest.

Petitioners administratively appealed the determination, alleging that Tax Law § 631 (b) (6) violates the Privileges and Immunities Clause (US Const, art IV, § 2), the Equal Protection Clause (US Const 14th Amend) and the Commerce Clause (US Const, art I, § 8).[1] Thereafter, the Administrative Law Judge recognized that neither the Division nor the Tax Appeals Tribunal has jurisdiction to determine whether a statute is unconstitutional on its face. Accordingly, it upheld the disallowance, as did the Tribunal. Petitioners then commenced this CPLR article 78 proceeding.

As a proceeding commenced pursuant to CPLR article 78 is not the proper vehicle to challenge the constitutionality of a statute (*see*, *Press v County of Monroe*, 50 NY2d 695, 702; *Matter of Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348), we will convert that portion of the instant proceeding seeking such relief into a declaratory judgment action (*see*, CPLR 103 [c]) and retain the remaining portion thereof as a proceeding commenced pursuant to CPLR article 78 since petitioners also seek annulment of the Commissioner's determination upholding the tax assessment (*compare*, *Matter of Ames Volkswagen v State Tax Commn.*, *supra*).

Addressing the challenge to Tax Law § 631 (b) (6) as being violative of the Privileges and Immunities Clause because only nonresident taxpayers are denied the alimony deduction (*see*, Tax Law § 631 [b] [6]), we follow our decision in *Matter of Friedsam v State Tax Commn.* (98 AD2d 26, *affd* 64 NY2d 76). Therein, we addressed whether Tax Law former § 632 violated the same constitutional provision by denying the nonresident petitioner, employed in New York and living in Connecticut, the income tax adjustment for alimony paid to his nonresident ex-spouse (*see*, *supra*). We recognized therein that although a disparity in treatment is permitted if valid reasons exist, the Privileges and Immunities Clause proscribes such conduct as discriminatory against nonresidents "where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States" (*Matter of Golden v Tully*, 88 AD2d 1058, *affd* 58 NY2d 1047; *see*, *Matter of Fried-*

---

1. Petitioners acknowledge that for the purpose of appeal, should Tax Law § 631 (b) (6) be found constitutional, they owe the disputed amount.

*sam v State Tax Commn.*, 98 AD2d 26, 28, *supra*). Rejecting the proffered reason that "alimony payments are purely personal in nature and not related to income producing activities in New York" (*Matter of Friedsam v State Tax Commn., supra,* at 28) to justify the disparate treatment, we found that the petitioner had been unconstitutionally denied the alimony deduction.[2]

The Court of Appeals affirmed our decision on statutory, not constitutional, grounds (*see, Matter of Friedsam v State Tax Commn.*, 64 NY2d 76, 79, *supra*). Thereafter, the Legislature enacted the Tax Reform and Reduction Act of 1987 which, *inter alia*, added Tax Law § 631 (b) (6) (L 1987, ch 28, § 78) to address the Court of Appeals concerns in *Matter of Friedsam v State Tax Commn.* (64 NY2d 76, *supra*) and provide express statutory authority to deny the alimony deduction to nonresidents.

We find that the addition of Tax Law § 631 (b) (6) to expressly authorize the denial of the alimony deduction to nonresidents does not alter or undermine our previous findings concerning the constitutionality of such practice (*see, Matter of Friedsam v State Tax Commn.*, 98 AD2d 26, 26-29, *supra*) or present a "compelling reason" to reach a different result on the identical legal issue (*Dufel v Green*, 198 AD2d 640, *affd* 84 NY2d 795). Hence, mindful that "[o]nce this Court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision under the doctrine of stare decisis, which recognizes that legal questions, once resolved, should not be reexamined every time they are presented" (*supra*, at 640), we find our constitutional analysis in *Matter of Friedsam v State Tax Commn.* (98 AD2d 26, *supra*) determinative of the issue now before us.

Our examination of the legislative history behind Tax Law § 631 (b) (6) reveals no stated reason or discussion addressing the rationale underlying a denial to only nonresidents of the alimony deduction authorized by the Internal Revenue Code (*see*, 26 USC § 215) in proportion with their New York income (*see*, L 1987, ch 28; Governor's Annual Message, 1987 NY Legis Ann, at 2-3; Governor's Approval Mem, 1987 NY Legis Ann, at 59; Mem of Senate Sponsor, 1987 NY Legis Ann, at 58-59; *accord, Matter of Friedsam v State Tax Commn.*, 98 AD2d 26, 28, *supra*). Each of the reasons proffered by respondents was

---

2. The determination of the former State Tax Commission was therefore annulled (*Matter of Friedsam v State Tax Commn., supra,* at 29).

expressly addressed and rejected by us in *Matter of Friedsam v State Tax Commn.* (98 AD2d 26, 28-29, *supra*). Since Federal policy regarding the alimony deduction recognizes that tax consequences should rightly fall upon the recipients of the alimony, not the payors (*see*, 26 USC §§ 71, 215), and that pursuant to the statute before us the denial of the deduction to a nonresident taxpayer ignores, *inter alia*, where the recipient resides or whether the recipient is taxed by this State (*see*, *Matter of Friedsam v State Tax Commn.*, 98 AD2d 26, 29, *supra*), it becomes clear that there exists no substantial reason for the disparate treatment, leaving as "[t]he only criterion * * * whether the payor is a resident or nonresident. Without more, there results a constitutional violation" (*Matter of Friedsam v State Tax Commn.*, 98 AD2d 26, 29, *supra*; *see*, *Toomer v Witsell*, 334 US 385; *Matter of Golden v Tully*, 88 AD2d 1058, *supra*).

MIKOLL, J. P., MERCURE, YESAWICH JR. and SPAIN, JJ., concur.

Adjudged that the proceeding is partially converted to an action for declaratory judgment, it is declared that Tax Law § 631 (b) (6) is unconstitutional, remainder of petition is granted, with costs, and determination of respondent Tax Appeals Tribunal is annulled.